312 So.2d 278 (1975)
STATE of Louisiana
v.
George BEARD.
No. 55817.
Supreme Court of Louisiana.
April 24, 1975.
John R. Joyce, Wright & Joyce, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Speedy O. Long, Dist. Atty., Don C. Burns, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
The defendant, George Beard, was charged with attempted aggravated rape and was convicted of attempted simple rape in violation of La.R.S. 14:27 and R.S. 14:43 after trial by jury. He was thereupon sentenced to imprisonment for 10 years in the custody of the Louisiana Department of Corrections. He appeals, relying on three assignments of error in urging reversal of his conviction and sentence.
Assignment of Errors No. 1.
The defendant denotes as error the overruling of a defense objection to alleged repetitious testimony by the victim of the *279 attempted rape. Defendant argues that through repetitious questioning, the State was allowed to emphasize the fact that defendant used force in an attempt to overcome the victim's resistance.
A reading of the pertinent portions of the transcript discloses that the prosecutor was prompted to repeat several questions because of the witness' answers, which were in some measure contradictory. Under these circumstances, the repetitious questioning was properly allowed.
This assignment of errors has no merit.
Assignment of Errors No. 2.
Defendant assigns as error a portion of the trial court's charge to the jury. The specific portion designated as erroneous and prejudicial was the following:
". . . As I have said before, there are three possible verdicts under the law. Guilty, that is guilty of attempted aggravated rape or guilty of attempted simple rape or not guilty. You have got to select one of the three. You are required to consider all three possibilities as carefully and honestly as you can. To reach any one of these three possible verdicts, nine of you have got to agree on the same thing. Now, if two vote not guilty and four vote attempted simple rape and the rest vote attempted aggravated rape, just because ten of you seem to be going toward conviction you still are not far enough along. You have got to agree on the same thing. To find the defendant not guilty, you must have nine votes not guilty. To find him guilty of attempted aggravated rape, nine of you must agree that is what it is. To find him guilty of attempted simple rape nine of you have got to agree on that." (Emphasis provided)
Defendant's argument is that the charge was suggestive of a guilty verdict because the trial judge in the italicized statement gave an example with two jurors voting not guilty and ten jurors voting guilty of some crime.
Defendant did not request a written copy of the trial court's proposed charge to the jury as is his right under Art. 801, C.Cr.P. Had he done so, defendant could have expressed his objections to the charge prior to the time it was given to the jury. Nor did defendant object at the time the charge was given. An objection at that stage in the proceedings would have allowed the trial judge to cure the alleged defect in the charge.
Instead, defendant objected after the jury had been retired for deliberation. Under these circumstances, we find that defendant has waived his objection to the charge. Art. 841, C.Cr.P.; State v. Bowen, 292 So.2d 197 (La.1974); State v. Neal, 275 So.2d 765 (1973); State v. Fink, 255 La. 385, 231 So.2d 360 (1970).
Furthermore there is no merit to the objection. The trial court in his charge sought to thoroughly instruct the jury on the type of agreement necessary to reach a verdict. The italicized portion relates to the problems arising because of the possibility of a responsive verdict and impresses upon the jury that even if nine or more members agreed that defendant was guilty of a crime, their labors would not be concluded until they reached an agreement as to the specific crime, attempted aggravated rape, or attempted simple rape, defendant committed. The explanation was a logical and non-prejudicial explanation of the accord necessary to reach a verdict.
This assignment or error has no merit.
Assignment of Error No. 3.
Defendant assigns as error No. 3 the trial court's denial of his motion for a new trial. The motion was based on the ground that the verdict was contrary to the law and the evidence in that the verdict was not supported by (he specifically alleges it was "not responsive to") the evidence adduced at trial. Defendant in brief *280 contends that there was no evidence whatsoever to support a verdict of attempted simple rape.
As we construe defendant's argument, he is not challenging the validity or constitutionality of Art. 814, C.Cr.P., which authorizes guilty of attempted simple rape as a responsive verdict to a charge of attempted aggravated rape. Defendant's argument appears to be that irrespective of whether or not the verdict is responsive as a matter of law, the evidence adduced at trial in the instant case demonstrated that defendant through physical force attempted to have intercourse with the victim without her consent, and that this use of physical force makes the crime attempted aggravated rape, and not attempted simple rape as that crime is defined by R.S. 14:43.
Simple rape is defined by La.R.S. 14:43 as follows:
"Simple rape is a rape committed where the sexual intercourse is deemed to be without the lawful consent of the female because it is committed under any one or more of the following circumstances:
(1) Where she is incapable of resisting or of understanding the nature of the act, by reasons or stupor or abnormal condition of the mind produced by an intoxicating, narcotic or anesthetic agent, administered by or with the privity of the offender; or when she has such incapacity, by reasons of a stupor or abnormal condition of mind from any cause, and the offender knew or should have known of her incapacity.
. . . . . .
(emphasis provided).
In State v. Miller, 237 La. 266, 111 So.2d 108 (1959), a defendant who was found guilty of simple rape as a responsive verdict to the charge of aggravated rape presented an argument similar to the one presented in the instant case. The defendant in Miller argued that there was no evidence to support the responsive verdict, as the evidence at trial demonstrated that he used physical violence, and not intoxicating liquor or drugs, to overcome the resistance of the female.
We noted in Miller that the statute defines simple rape as one in which the female in incapable of resisting due to an abnormal condition of mind from any cause. We held that the defendant's violence, threats and abuse could well cause or generate sufficient fear in the victim to produce an abnormal state of mind, and accordingly we held that the evidence did support the jury's verdict, guilty of simple rape.
The record in the instant case discloses that the State did provide evidence of defendant's use of physical violence and of the victim's corresponding fear. There was thus evidence to support a verdict of guilty of attempted simple rape.
This assignment of error has no merit.
Accordingly, defendant's conviction and sentence are affirmed.