325 So.2d 574 (1976)
STATE of Louisiana
v.
David E. GERALD.
No. 56852.
Supreme Court of Louisiana.
January 19, 1976.
*575 Sonny Napoleon Stephens, Winnsboro, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Johnny Carl Parkerson, Dist. Atty., Clifford L. Lawrence, Jr., Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Gerald was charged by bill of information with operating a motor vehicle upon a public highway while under the influence of alcoholic beverage, contrary to the provisions of R.S. 14:98. The information also charges that defendant is a third offender, specifying two previous convictions in November, 1973 for violations of R.S. 14:98. On June 19, 1975, defendant was tried by a twelve-person jury which found him guilty as charged. He was sentenced to four years at hard labor.
Defendant, through his retained counsel, was granted a motion for a suspensive appeal to this Court "on or before September 11, 1975, with Assignment of Errors due August 18, 1975 and designation of record due August 25, 1975." Counsel did not file assignments of error or a designation of the record before or after the above dates, nor has he chosen to file a brief with this Court.
In criminal matters, appellate jurisdiction of this Court extends only to questions of law. La.Const. art. V, § 5(C) (1974). Article 920 of our Code of Criminal Procedure delineates the scope of our appellate review as follows:
"The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
C.Cr.P. Art. 844 describes the procedure of assigning errors:
"The party appealing shall designate, in writing, those errors which are to be urged on appeal.

*576 This assignment of errors shall be filed within the time specified by the trial judge.
The trial judge may submit such per curiam comments as he desires."
The failure of trial counsel to designate specific assignments of error bars our review of possible trial errors; counsel's failure to designate any assignments of error results in our not even having a portion of the trial transcript before us.
We are therefore limited on this appeal to a review of the pleadings and proceedings for discoverable error. C.Cr.P. Art. 920(2). We find none.
The conviction and sentence of David Gerald is therefore affirmed.