366 So.2d 1365 (1978)
STATE of Louisiana
v.
Barry WILLIAMS.
No. 62707.
Supreme Court of Louisiana.
December 15, 1978.
*1366 Robert Zibilich, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
A Grand Jury indicted the defendant, Barry Williams, with first degree murder, a violation of LSA-R.S. 14:30. A jury found him guilty of second degree murder. The court sentenced him to life imprisonment without parole or probation for forty years.
The defendant appeals, relying on eight assignments of error for reversal of his conviction and sentence. As counsel failed to brief or argue the remaining five assignments of error, we deem them abandoned. State v. Phillips, La., 337 So.2d 1157 (1976); State v. Blanton, La., 325 So.2d 586 (1976); State v. Carlisle, La., 315 So.2d 675 (1975).
We adduce the following context facts:
The defendant and an accomplice approached Margaret Dauterive, the seventy-five-year-old victim, and the defendant grabbed her purse. She resisted and fell to the ground. He then hit her on the head with a pistol, forcing her to release the purse. Taking it, he fled.
The victim died three weeks later.

ASSIGNMENT OF ERROR NO. 1
On the hospital's emergency ramp, the victim identified herself to Officer Banks. When the State questioned the officer as to the name she gave, the defense objected to the response as hearsay. The court overruled *1367 it, and the defendant challenges the ruling.
Assuming arguendo that the court erred, we find that the defendant was not prejudiced thereby. LSA-C.Cr.P. Art. 921. In addition to the admission of S-1, a photograph of the victim, five witnesses identified her as Margaret Dauterive without defense objection.
This assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 6, 7 AND 8
The court deleted a small section of defendant's confession before its admission because the deleted section contained references to other crimes. The defendant now complains of the admission of a portion of his confession. His complaint is two-fold: that the confession was not free and voluntary due to physical abuse and scare tactics of the police and thus, is inadmissible; and that the court should have admitted the entire confession into evidence under LSA-R.S. 15:450[1] and that since it contained references to other crimes, the court should have held the entire confession inadmissible.
Before a confession may be introduced into evidence, the State has the burden of affirmatively proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, inducements, or promises. LSA-R.S. 15:451; LSA-C.Cr.P. Art. 703(C). The admissibility of a confession is in the first instance a question for the trial judge. We will not overturn his conclusions on the credibility of testimony relating to the voluntariness of a confession unless they are unsupported by the evidence. State v. Hutto, La., 349 So.2d 318 (1977); State v. Adams, La., 347 So.2d 195 (1977); State v. Ross, La., 343 So.2d 722 (1977).
After reviewing the record, we are convinced, as was the trial judge, that the State satisfied its burden of affirmatively proving that the confession was freely and voluntarily made. The defendant testified on the predicate that the officers punched him in the stomach, neck, and sides, and wiped their feet on him; and that they threatened to throw him in the river if he refused to lead them to the victim's purse. Three officers denied the mistreatment described by the defendant, and the defendant's father, present at the time of his son's confession, stated that the officers "didn't try to threaten him or hit him or nothing like that. . . ."
Secondly, he contends that the court should have considered the entire confession without the deletions and that, if the entire confession were considered, it was inadmissible due to references to other crimes.
In State v. Mullins, La., 353 So.2d 243 (1977), we rejected the identical argument, stating:
"This court has previously addressed the contention asserted by defendant in State v. Snedecor, 294 So.2d 207 (La. 1974):
Pretermitting the inconsistency of defendant's position, we held recently in State v. Haynes, 291 So.2d 771 (1974) that `a party defendant is entitled to insist upon introduction of the entirety of a statement sought to be used against him, although of course he may waive the benefits of the protective statute.' Thus, in keeping with the restrictions imposed in Sections 445 and 446, the trial court allowed introduction of only that portion of the statement dealing with the charged crime. Defendant, of course, could have required that the whole statement be introduced. This, however, is his choice to make. If he decides that the evidence of other crimes would outweigh the possible exculpatory value, then he may waive his right to have the whole statement *1368 introduced. The third alternative, that of keeping the whole statement out, is not available to defendant, unless, of course, the confession itself is not admissible. See also, State v. Link, 301 So.2d 339 (La.1974).
"In the instant case, defendant could have required that his entire confession be introduced in evidence, but in doing so, he would thereby have waived his right to have excluded evidence of the other crime allegedly committed by him. This he declined to do. Under these circumstances, we find that the trial judge properly admitted in evidence only that portion of defendant's confession which pertained to the crime for which defendant was being tried."
These assignments of error are without merit.

ASSIGNMENTS OF ERROR NOS. 9 AND 10
The defendant asserts that the search warrant was invalid, and therefore, the court erred in admitting three items seized at his residence: the victim's house key and two guns. He contends that as a juvenile court declared the affiant's named informant, an eleven-year-old, an incompetent witness due to his inability to accurately testify, he was "incompetent to give information to substantiate a search warrant." And further, that the district court is collaterally estopped from relitigating the named informant's competency.
The defendant's accomplice was his co-defendant. They were, however, severed prior to trial. At the hearing on the motion to suppress, co-defendant's counsel filed a second motion to suppress "which specifically addresses itself to the probable cause issue." (The record does not contain the second motion to suppress.) Counsel for defendant joined in the motion. The trial court denied it.
Assuming that the defense properly raises the informer issue for our consideration, we find that it is without merit. The credibility of the affiant's informant may not be attacked on a motion to suppress. State v. Tassin, 343 So.2d 681 (1977); State v. Giordano, La., 284 So.2d 880 (1973); State v. Melson, La., 284 So.2d 873 (1973).
These assignments of error are without merit.

ASSIGNMENTS OF ERROR NOS. 12 AND 13
The defense alleges that the court erred in refusing to give special written jury charge number three, in overruling two objections to the supplemental jury charge, and in denying his motion for a mistrial based on another objection to the supplemental charge.
His special written charge number three concerns the weight and consideration given the testimony of a witness who has received immunity for testifying.
A special written charge "need not be given if it is included in the general charge or in another special charge to be given." LSA-C.Cr.P. Art. 807. Our examination of the entire charge reveals that it contains the import of the defendant's requested charge. The court's charge had five paragraphs on the credibility of witnesses. The judge explained that the jury, in evaluating the veracity of witnesses, should take into account their interest, motive, and every circumstance surrounding the giving of the testimony. The court further instructed that the jury should look upon an accomplice's uncorroborated testimony with great caution and examine it carefully. Accordingly, the court properly refused defendant's special requested charge number three. State v. Smith, La., 340 So.2d 222 (1976); State v. White, 254 La. 389, 223 So.2d 843 (1969).
During deliberations, the jury returned and requested clarification of the charge. The court gave further instructions and the jury retired. Defense counsel then stated the following: that, although the judge gave the entire definition of manslaughter, he objected to the court stating that the fundamental difference between murder and manslaughter is the element of "heat *1369 of passion," and that he objected to the judge stating that if one intends to club another on the head causing great bodily harm resulting in death, it would be murder. Further, he moved for a mistrial based on the judge's remark made while describing the law of principals, that the case did not involve accessories, alleging that it was a comment on the evidence.
Louisiana Code of Criminal Procedure Article 841 precludes our review of these objections for two reasons: An objection made to the court's charge after the jury had retired for deliberation is untimely. State v. Beard, La., 312 So.2d 278 (1975); State v. Neal, La., 275 So.2d 765 (1973). And, defense counsel failed to offer any reasons for the first two objections.
In any event, we have reviewed the objections and find them insubstantial. In State v. George, La., 346 So.2d 694 (1977), we stated:
"It is generally recognized that a judge's charge must be considered as a whole, and particular expressions construed with reference to the context. The ruling of a trial judge on an objection to a portion of his charge will not be disturbed unless the disputed portion, when considered in connection with the remainder of the charge, is shown to be erroneous and prejudicial." [Citations deleted.]
Taking the charge as a whole, we believe that the portions objected to were neither erroneous nor prejudicial.
These assignments of error are without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.
CALOGERO, J., dissents.
DENNIS, J., dissents. The juvenile was deprived on his right to be advised of his constitutional rights.
NOTES
[1] LSA-R.S. 15:450 provides:

"Every confession, admission or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford."