377 So.2d 72 (1979)
STATE of Louisiana
v.
Leo TURNBULL.
No. 64909.
Supreme Court of Louisiana.
November 12, 1979.
Rehearing Denied December 13, 1979.
*73 Brian M. Begue, Robert Barnard, Orleans Indigent Defender Program New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Brian G. Meissner, Asst. Dist. Attys., for plaintiff-appellee.
LANDRY, Justice Ad Hoc.
From a jury conviction of the offense of attempted simple rape, pursuant to a bill of information charging attempted forcible rape, defendant appeals his conviction and sentence.
Two specifications of error are relied upon by defendant in support of his appeal. It is urged that the trial court erred in admitted inculpatory statements by defendant notwithstanding his refusal to waive his Miranda rights and also because of his continued interrogation by arresting officers after indicating his desire to have counsel present. Secondly, it is urged that the verdict of guilty of attempted simple rape is not responsive to the charge of attempted forcible rape and that the verdict rendered lacks evidentiary support.
The alleged offense occurred on the night of November 21, 1977, when the prosecuting witness, Inez Navarro, was returning to her home in the Desire Housing Project in New Orleans. She related the following account of the incident. As she approached the door of her apartment, her keys in one hand and a small purse in the other, she was greeted by defendant from the doorway of defendant's nearby apartment. Such a greeting had become customary because, for several weeks prior to the incident in question, defendant had been near her doorway and greeted her on her return home. She responded hello to defendant's similar salutation. While attempting to unlock her door defendant suddenly grabbed her with one hand while simultaneously holding his other hand over her mouth. She was then dragged into defendant's apartment screaming, crying and pleading with defendant to leave her alone. After being wrestled into defendant's residence she was thrown to the floor onto what she believed to be a mattress or some kind of bed. Defendant continued to pull at her clothes with one hand, during which entire procedure she continued to attempt to yell and plead with defendant to leave her be. Defendant eventually let her go whereupon she started toward her own apartment. While attempting to unlock her door, defendant continued to touch her and further molested her by interfering with her effort to unlock her door. She asked defendant what was the matter with him and he replied that he was lonesome. Defendant then grabbed her again and she again requested to be let alone and added that she was expecting her boyfriend to appear momentarily. Defendant responded that she had no boyfriends because he had been watching her for some time and continued to take hold of her and interfere with her efforts to unlock her door. To calm defendant, she offered to make him some coffee. Defendant permitted her to enter her apartment and attempted to come in with her. She managed to keep defendant out and after remaining in her apartment for some time deciding on which course to follow, she called the police.
*74 Defendant was arrested in his apartment approximately one hour or so following the encounter. The arresting officers related that defendant told them he would have had intercourse with the prosecuting witness if "she wouldn't have resisted him so much".
Defendant neither denied the encounter nor repudiated his statement to the arresting officers. In response to interrogation during trial defendant stated: "Did I grab her? Well I made the attempt ... but I let her go. She did not scream except once and I said wait a minute I thought you wanted it because she was leading me on." In answer to the question of whether he intended rape defendant replied: "Did I. No way, not unless she wanted it."

Assignment Number 1.
Error is alleged in the trial court's admission in evidence of defendant's oral inculpatory statement. It is contended that the failure of the arresting officers to read and explain defendant's Miranda rights and their alleged continuation of interrogation after defendant indicated his desire to have counsel present, vitiated and rendered his inculpatory remarks inadmissible in evidence.
The arrest was made by officers Anthony Cusimano and Salvadore Zanco. Officer Zanco testified that defendant was given his Miranda warnings before interrogation began and appeared to understand fully what was told him. He conceded that defendant refused to sign a waiver form but added that after being fully warned and not having been threatened, intimidated or made any promises whatsoever, defendant freely and voluntarily submitted to interrogation. He denied emphatically that defendant requested counsel at any time before or during interrogation.
Officer Cusimano testified virtually the same as did Officer Zanco except that on initial examination defendant was told that a lawyer would be appointed to represent defendant at trial. Under further examination Cusimano indicated he was not certain that defendant was advised that counsel would be appointed to represent him. Ultimately, in response to the specific question of whether defendant requested counsel Cusimano replied: "No, you are talking about demanding one at the time, advising him that he would have one _ _ _ you know, if he wanted one, one would be appointed to him. I did not know he demanded one, no, he never stated that."
The defense contends the accused's request for counsel should have terminated the interrogation and that this fact, coupled with the refusal to sign a waiver of Miranda rights rendered inadmissible all statements given to the arresting officers.
Despite some discrepancy in the statements of the arresting officers, the record contains ample evidence to support the conclusion that defendant's statements were given after full explanation of his rights and defendant, understanding these rights, made no request for counsel before undergoing further interrogation. The record also supports the conclusion that the statements were given freely and voluntarily without intimidation, threats, promises or any other untoward influence or conduct on the part of the arresting officers.
Failure to obtain the accused's signature to a written Miranda waiver does not mandate a determination of involuntariness in deciding whether a confession or inculpatory statement is admissible in evidence. State v. Yates, 357 So.2d 541 (La. 1977).
While the signature of the accused is an important factor in a determination of this nature, State v. Yates, supra, the absence of a signed waiver is not an indispensable prerequisite to introduction of a confession or other statement made while the accused was detained. Absent a written waiver, the state may, by appropriate showing, discharge its burden of proving voluntariness by proving that the defendant was read his rights, stated that he understood them and then made a statement. State v. Myles, Number 63,567.
The trial court's ruling that defendant implicitly waived his Miranda rights, *75 including the right to counsel and thus surrendered his Fifth Amendment privilege, is amply supported by the record.
This assignment has no merit.

Assignment Number 2.
This assignment urges error on the part of the trial court in denying defendant's motion for new trial not based on objection raised during trial, but predicated on error allegedly patent on the record, namely, that the verdict of attempted simple rape is not responsive to a charge of attempted forcible rape.
The trial court instructed the jury that it could render one of three verdicts: guilty as charged; guilty of simple rape; and not guilty. Defendant did not object to the charge and the jury returned a verdict of guilty of attempted simple rape. Defendant challenged the verdict by means of a motion for new trial. In support of the motion defendant alleged in boiler-plate fashion, that the verdict is contrary to the law and the evidence. Ordinarily such a challenge presents nothing for appellate review where the record contains some evidence to support a conviction. State v. Hatter, 350 So.2d 149 (La.1977). The state contends such a defense is unavailable absent an objection made during trial affording the trial court an opportunity to correct the alleged error.
In State v. Craddock, 397 So.2d 343 (La. 1975), we held that alleged error concerning sufficiency of responsive verdicts given a jury is not error patent on the face of the record and therefore reviewable pursuant to La.C.Cr.P. Article 920(2) which admits of review only when objection is made during trial. In Craddock, however, the verdict was responsive.
More recently, in State v. Cook, 372 So.2d 1202, Number 63,724, we held an unresponsive verdict to be error patent on the face of the record and therefore reviewable on appeal despite absence of an objection during trial. In Cook, defendant was charged with aggravated burglary (R.S. 14:60) and simply burglary (R.S. 14:62) and entered pleas of guilty to aggravated burglary and simple burglary of a dwelling (R.S. 14:62.2). The State's failure to amend the simple burglary information to conform with the plea, resulted in defendant pleading guilty to an offense greater than that charged. In Cook, we set aside the plea on our own motion on the ground that it was unresponsive to the offense charged and the prosecuting attorney neither amended the information nor filed a new charge.
We therefore consider the issue of whether a verdict of guilty of attempted simple rape is responsive to a charge of attempted forcible rape.
At the time of the present offense, forcible rape was defined by La.R.S. 14:43.1 (Act 333 of 1975) as follows:
"§ 43.1. Forcible rape.
Forcible rape is sexual intercourse without the lawful consent of the female where she is prevented from resisting the act by force or threats of physical violence wherein the victim reasonably believes her resistance to be useless.
Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than one nor more than twenty years.
Section 2. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items or applications of this Act which can be given effect without the valid provisions, items or applications, and to this end the provisions of this Act are hereby declared severable."
At the same time La.R.S.A. 14:43 (Act 612 of 1975) contained the following definition of simple rape:
"§ 43. Simple rape.
Simple rape is a rape, heterosexual or homosexual, committed where the sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) Where the victim is incapable of resisting or of understanding the nature of the act by reason of stupor or abnormal condition of the mind produced by an *76 intoxicating, narcotic, or anesthetic agent, administered by or with the privity of the offender; or when victim has such incapacity, by reason of a stupor or abnormal condition of mind from any cause, and the offender knew or should have known of the victim's incapacity;
(2) Where the victim is incapable, through unsoundness of mind, whether temporary or permanent, of understanding the nature of the act; and the offender knew or should have known of the victim's incapacity.
(3) Where, in a case of heterosexual rape, the female person submits under the belief that the person committing the act is her husband and such belief is intentionally induced by any artifice, pretense, or concealment practiced by the offender."
When the legislature added the offense of forcible rape to the criminal code via Act 333 of 1975, it also amended the list of responsive verdicts provided in La.C. Cr.P. Article 814 for aggravated rape, to include the offense of forcible rape. See Act 334 of 1975. The legislature did not, however, enact legislation providing specific responsive verdicts for the newly created offense of forcible rape. Consequently, the responsive verdicts to the crime of forcible rape must be determined in the light of the provisions of La.C.Cr.P. Article 815, which states that in all instances not embraced within La.C.Cr.P. Article 814, responsive verdicts shall be: (1) guilty; (2) guilty of a lesser and included grade of the offense * * *; or not guilty.
This brings us to the question of whether the offense of attempted simple rape is a lesser grade of the crime of forcible rape. In State v. McCoy, 337 So.2d 192 (La.1976) we held that in the application of Article 815, a lesser offense is included in the charge of a greater offense (and therefore responsive) if all of the elements of the lesser crime are included in the definition of the greater offense.
On initial observation, it would appear that responsiveness is lacking herein because forcible rape does require, as an essential element of the offense, that the victim be hopelessly intoxicated, severely mentally impaired, or have been duped into consent. However, in State v. Miller, 237 La. 266, 111 So.2d 108 (La.1959), and State v. Beard, 312 So.2d 278 (La.1974) we held that a verdict of simple rape is responsive to a charge of aggravated rape. In both instances defendants were charged with aggravated rape and convicted of simple rape. Miller charged specifically that simple rape is not a lesser and included charge of aggravated rape, and urged unconstitutionality in the application of Article 814, above. Beard above, involved a different approach, namely that the evidence adduced at trial tended to prove rape by force, from which it was argued (as defendant does here) that there was no evidence to support the verdict of guilty of simple rape.
In Miller, above, responsiveness was found on the ground that all elements of simple rape are included in aggravated rape because La.R.S.A. 14:43(1) in part defines simple rape to include "[w]here the victim is incapable of resisting or understanding the nature of the act * * * by reason of a stupor or abnormal condition of mind or body from any cause ...". Miller, above, then noted:
"It is beyond human comprehension that anyone would not believe that a female faced by an attacker, who intends to commit the crime of rape upon her, is not immediately thrown into a state of great fear or an abnormal condition of mind. This abnormal state of mind, which is one of the ingredients of simple rape, is, therefore, always included within the greater crime (aggravated rape)."
Beard, above, relying on Miller, above, found that the record contained evidence of use of physical force and the victim's consequent fear, thus supporting the verdict of guilty of simply rape.
The only distinction between aggravated and forcible rape is the degree of force employed and the extent to which the victim resists. We see no reason why the rule announced in Miller, above, and Beard, above, should not be applied to the lesser *77 offense of forcible rape which differs from aggravated rape only with regard to the amount of force employed by the offender. If simple rape is responsive to a charge of aggravated rape it is also responsive to the charge of forcible rape.
In this instance, defendant's conduct in repeatedly applying force to the victim's person, despite her repeated protests and pleas to be let alone, coupled with the offender's self-confessed intent to have intercourse with her, could well support a charge of attempted forcible rape. Under Miller, above and Beard, above, it can also support a verdict of attempted simple rape.
We find no merit in this assignment.
The conviction and sentence are affirmed.
DIXON and CALOGERO, JJ., dissent and assign reasons.
DIXON, Justice (dissenting).
I respectfully dissent.
State v. Miller, 237 La. 266, 111 So.2d 108 (1959) and State v. Beard, 312 So.2d 278 (La.1975) notwithstanding, simple rape is not a lesser offense included in forcible rape, and not responsive. C.Cr.P. 814 makes attempted simple rape responsive to attempted aggravated rape; it does not make attempted simple rape responsive to attempted forcible rape.
CALOGERO, Justice, dissenting.
Simple rape is neither a statutory responsive verdict nor a lesser included offense to forcible rape. State v. Miller, 237 La. 266, 111 So.2d 108 (La.1959) and State v. Beard, 312 So.2d 278 (La.1974) are distinguishable, for simple rape is a responsive verdict to aggravated rape. In my view, Assignment of Error No. 2 therefore has merit.