379 So.2d 1389 (1980)
STATE of Louisiana
v.
Gary JEFFERSON.
No. 65379.
Supreme Court of Louisiana.
January 28, 1980.
Rehearings Denied March 3, 1980.
*1390 Robert Barnard, New Orleans, Orleans Indigent Defender Program, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
WATSON, Justice.
Defendant, Gary Jefferson, was charged with armed robbery in violation of LSA-R.S. 14:64. The defendant initially pled not guilty; but, at trial, entered pleas of not guilty and not guilty by reason of insanity. A twelve member jury returned a verdict of guilty. Defendant was billed as a multiple offender and sentenced to 198 years at hard labor without benefit of parole, probation, or suspension of sentence. LSA-R.S. 15:529.1.
On appeal, defendant relies on two assignments of error. The first relates to the court's charge to the jury concerning disposition after a verdict of not guilty by reason of insanity. The second involves the sentence as an habitual offender.
After the jury had retired for deliberation, it requested further instructions. The jury asked what would happen to defendant if he were found not guilty by reason of insanity. The trial judge read the relevant code articles (LSA-C.Cr.P. arts. 654, 655 and 656). In response to a juror's question concerning medical help available in prison, the judge stated that if defendant were found guilty and sentenced to a prison term, he "would get all the medical help he needs". (Tr. 88) Defense counsel asked what would happen, as a practical matter, if defendant were confined in Jackson Mental Hospital. The judge paraphrased LSA-C.Cr.P. art. 655, concluding with the statement that defendant could file an application to be re-evaluated for release "every six months". (Tr. 91) After the jury retired to deliberate, defense counsel made a general objection to the court's charge stating:
"Your Honor, I'm not so much concerned with your reading them the law as your answer to some of the other questions, which may have tendered (sic) to lead the jury in a direction that is adverse to the defendant." (Tr. 91)
After the verdict, the State filed a bill of information charging the accused as a triple offender. Defendant, in open court through counsel, admitted the allegations in the multiple bill, was adjudged a multiple offender, and sentenced to a maximum sentence of 198 years.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant complains that the trial court erred when it gave additional instructions about the law pertaining to a verdict of not guilty by reason of insanity, and misled the jury in regard to the mental treatment given in prison. In brief, counsel argues *1391 that the statement that defendant would get all necessary medical help in prison, and the suggestion of endless litigation resulting from a verdict of not guilty by reason of insanity were intended to coerce the jury into a verdict of guilty.
These objections are not properly before this Court as defendant did not object to the statements at the time they were made. An objection to the court's charge after the jury has retired is untimely. State v. Williams, 366 So.2d 1365 (La., 1978); State v. Beard, 312 So.2d 278 (La., 1975); LSA-C.Cr.P. art. 841. The purpose of the contemporaneous objection rule is illustrated here, where a timely objection would have allowed curing of the alleged defect.
Further, the objections are without merit. In State v. Babin, 319 So.2d 367 (La., 1975), it was held that instructions explaining the consequences of a verdict of not guilty by reason of insanity must be given if requested by defendant or by the jurors. LSA-C.Cr.P. art. 803. Babin has been followed in subsequent decisions. See, for example: State v. Gurley, 376 So.2d 110 (La., 1979); and, State v. Liesk, 326 So.2d 871 (La., 1976). In State v. Watkins, 340 So.2d 235 (La., 1976) it was held that the relevant articles need not be read in their entirety and can be paraphrased by the trial court.
It is established that particular expressions in a jury charge must be considered in the context of the entire charge. State v. Williams, 366 So.2d 1365 (La., 1978); State v. George, 346 So.2d 694 (La., 1977). There was no refusal here to give requested instructions. The judge made a conscientious effort to comply with State v. Babin, supra, by reading the text of LSA-C.Cr.P. arts. 654, 655, and 656. Although it was slightly inaccurate to state that defendant could be re-evaluated "every six months",[1] the error was inadvertent and counsel made no effort to correct the court. When considered along with the judge's careful attempt to stay within the context of the relevant Code of Criminal Procedure articles, it does not appear that this statement and the reference to medical help available in prison were designed to coerce the jury into a verdict of guilty. There is no merit in this assignment of error.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant also complains that he was illegally sentenced as a multiple offender under LSA-R.S. 15:529.1, because the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 274 (1969), were not followed at the time of his prior guilty pleas and convictions. Defense counsel did not object to the sentence at the hearing on December 8, 1978, nor in the original assignment of error filed in the trial court.
State v. Lewis, 367 So.2d 1155 (La., 1979) held that:
"In a multiple offender hearing, only those previous pleas of guilty may be used to enhance a sentence which are supported by a contemporaneous record of a Boykin examination demonstrating the free and voluntary nature of a plea of guilty with an articulated waiver of the constitutional rights required by Boykin v. Alabama." 367 So.2d 1160.
Subsequent to Lewis, the United States Supreme Court decided that a plea of guilty which failed to comply with Rule 11 of the Federal Rules of Criminal Procedure (which incorporates the requirements of Boykin v. Alabama, supra) could not be collaterally attacked in a habeas corpus proceeding solely on that basis. United States v. Timmreck, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).
*1392 In State v. Holden, 375 So.2d 1372 (La., 1979) the State sought to use a federal conviction to enhance the sentence under LSA-R.S. 15:529.1. Timmreck, supra, was interpreted to require a defendant making a collateral attack on a prior federal conviction to show affirmatively that he was not advised of the consequences of his previous guilty plea, either by the court or through counsel. Holden overruled Lewis insofar as it applied to federal and non-Louisiana convictions and insofar as it applied to Louisiana convictions prior to December 8, 1971. On December 8, 1971, the decision in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) became final. It recognized the requirements of Boykin in Louisiana and applies to subsequent guilty pleas. State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).
Holden declared:
"Upon objection by defense counsel that the guilty plea does not affirmatively show it was taken in compliance with Jackson and LeBlanc, the state will have the burden to show as to these convictions that the defendant waived his constitutional rights . . . ." 375 So.2d 1376.
Holden specifically notes in the quoted language that an objection is required before the State has the burden of proving advice of rights on previous pleas.
There was no objection at the time the multiple offender bill was considered; in fact, defendant, through counsel, admitted the allegations. Therefore, the State was not required to show a Boykin compliance.
The assignment is without merit.

DECREE
Defendant's conviction and sentence are affirmed.
AFFIRMED.
CALOGERO and BLANCHE, JJ., concur.
MARCUS, J., concurs and assigns reasons.
MARCUS, Justice (concurring).
I would overrule both State v. Lewis, 367 So.2d 1155 (La.1979) and State v. Holden, 375 So.2d 1372 (La.1979); however, if Lewis is not overruled outright, I would continue to concur in the limitation placed on it in Holden. Accordingly, I respectfully concur.
NOTES
[1] LSA-C.Cr.P. art. 655(B) provides that an application for discharge by a committed person may not be filed until the person has been confined for at least six months; if the determination of the court is adverse, another application may not be filed for a period of one year.