403 So.2d 8 (1981)
STATE of Louisiana
v.
Glenn A. MACK.
No. 80-KA-2349.
Supreme Court of Louisiana.
May 18, 1981.
Rehearing Denied September 4, 1981.
Concurring Opinion September 15, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, and Judith A. Lombardino, Asst. Dist. Attys., for plaintiff-appellee.
John M. Standridge, Supervising Atty., New Orleans, Jack Wright, Jr., Student Practitioner, Loyola Law School Clinic, for defendant-appellant.
DIXON, Chief Justice.
Glenn A. Mack was charged by bill of information with simple burglary, R.S. 14:62, and convicted after a jury trial of attempted simple burglary, R.S. 14:27; 14:62. He was sentenced to twelve years at hard labor under the multiple offender provisions of R.S. 15:529.1. The single assignment of error relied upon in this appeal requires that the conviction and sentence be reversed.
According to the evidence adduced at trial, the instant offense occurred in a parking lot adjacent to a New Orleans hotel. The hotel manager saw the defendant park his own car in the lot, then break into a hotel guest's car. The guest was notified, and when he went out to the lot he found the defendant rummaging through the glove compartment.
*9 Defendant's assignment of error contests the trial judge's jury charge on reasonable doubt. Defendant maintains that the judge did not comply with C.Cr.P. 804, which provides in part:
"A. In all cases the court shall charge the jury that:
* * * * * *
(2) It is the duty of the jury, in considering the evidence and in applying to that evidence the law as given by the court, to give the defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence in the case ..."
Instead, the jury was instructed:
"... You are prohibited by law and your oath from going beyond the evidence to seek for doubts upon which to acquit the defendant, but must confine yourself strictly to a dispassionate consideration of the testimony given upon the trial. You must not resort to extraneous facts or circumstances in reaching your verdict. That is, you must not go beyond the evidence to find facts or circumstances creating doubts, but must restrict yourselves to the evidence that you heard on the trial of this case...."
This portion of the jury charge is clearly wrong. C.Cr.P. 804(A)(2) states that reasonable doubt may arise from the lack of evidence in the case. In the instant case, the trial judge specifically limited the jurors to the evidence before them to support a reasonable doubt. This jury instruction tracks verbatim a charge criticized by this court in State v. Gibbs, 355 So.2d 1299 (La.1978). We characterized the charge as "patently erroneous," and stated that it "should not be given." Id. at 1301. In Gibbs, however, the defendant did not complain of the erroneous charge until his appeal before this court. Consequently, no reversible error was found. In the instant case, defense counsel lodged his objection to the erroneous charge after the jury had retired for deliberation. As far as the record shows, it was the first opportunity available to defense counsel to object to the charge. Defense counsel stated his objection, specifically pointing out the violation of C.Cr.P. 804 by omitting the instruction that defendant is entitled to the benefit of every reasonable doubt arising out of (not only the evidence but) "the lack of evidence in the case." The judge replied:
"I included all of that in my general charge. Of course, there was no special charge submitted on behalf of the defendant, so, he can't reserve any error in the judge's charge as a result."
The judge then declined to hear any more argument.
The judge was in error. The defendant is not required to submit special charges before he can effectively make an objection and reserve an assignment of error on an adverse ruling.
The state advances two arguments in support of its position that the instant charge presents no reversible error. First, the state contends that defense counsel's objection was untimely because not lodged until after the jury had retired. Second, the state maintains that the judge's instructions on reasonable doubt, when read as a whole, provide substantial compliance with C.Cr.P. 804(A)(2).

Timeliness of the Objection
C.Cr.P. 804 states that "[i]n all cases the court shall charge the jury ..." The duty imposed by this article is mandatory, and exists without the necessity of a special request by counsel. If, at the conclusion of the jury charge, the trial judge has not informed the jury that reasonable doubt may arise from the lack of evidence in the case, then the judge has not discharged his statutory duty.
Of course, a defendant may not wait until his appeal before he complains of the trial judge's failure to comply with C.Cr.P. 804. See State v. Gibbs, supra. But see State v. Williamson, 389 So.2d 1328 (La.1980) (exception carved out for jury charge which misdefines the crime with which defendant is charged). Rather, he must bring the error to the attention of the trial judge at a time when the judge can cure the error. State v. Lee, 346 So.2d 682, 685 (La.1977).

*10 Otherwise, his objection shall be deemed waived. C.Cr.P. 841.
In the past, this court has held that objections to the judge's general charge are untimely if lodged after the jury has retired for deliberations. See, e. g., State v. Jefferson, 379 So.2d 1389 (La.1980); State v. Williams, 366 So.2d 1365 (La.1978); State v. Beard, 312 So.2d 278 (La.1975). These cases are premised on the belief that, once the jury has retired, it is too late for the trial judge to correct his error.
State v. Jefferson, supra, involved a charge given after the jury returned. Defendant objected, in a general way, after the jury again retired to deliberate. We held, not only that the issue was not before us (because of the lack of a contemporaneous objection), but that there was no merit in the assignment. State v. Williams, supra, and State v. Beard, supra, were cited as authority.
The Code of Criminal Procedure of 1928 provided, in article 391 (later preserved in R.S. 15:391 but omitted from the Code of Criminal Procedure of 1966, see Acts 311, 312 and 313 of 1966) that objections to the charge or to the failure to give a special requested charge "shall be by means of a bill of exceptions reserved before the jury shall have retired to deliberate." The omission was for simplicity, since the matter was covered by Title 38 of the Code of Criminal Procedure dealing with bills of exceptions, arts. 841-845.
C.Cr.P. 841 was amended in 1974 to eliminate bills of exceptions, around which a body of technical jurisprudence had arisen. C.Cr.P. 841 contains the following:
"... It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor."
We recognize today that trial judges may, and frequently do, recall the jury for further instructions. See C.Cr.P. 808, providing for additional charges in open court with the defendant and counsel for both sides present. We hold therefore, that an objection to the judge's general charge[1] is properly preserved if made immediately after the jury is retired, particularly if that is the first opportunity to object. Defense counsel is not required to interrupt the judge during the charge and have the jury removed while the point is argued. Careful practice would suggest that C.Cr.P. 801 be followed, and the charge reduced to writing on defendant's request and copy provided to defendant before reading. In busy courts today, however, we recognize that this course would use precious time of judge, jury and counsel.
State v. Jefferson, supra; State v. Williams, supra and State v. Beard, supra, are therefore overruled to the extent that they are in conflict with this opinion.

Whether "Substantial Compliance" Occurred
The state contends that the judge's instructions on reasonable doubt, when read as a whole, substantially comply with the intent of C.Cr.P. 804. Reliance is placed on State v. Henderson, 362 So.2d 1358 (La. 1978). In that case, the defense's request that C.Cr.P. 804 be read to the jury was denied on the ground that the matter was covered in the general charge.
This court found that the general charge did not convey the substance of 804 in a straightforward manner. However, the judge had informed the jury that reasonable doubt could be based upon unsatisfactory evidence, and that the jurors were to determine which facts were not proven. Although this charge was found to be less clear and less direct than the statutory language, we held that "... the instructions given by the trial court substantially complied *11 with the legislative intent of Article 804...." Id. at 1366. Our holding was qualified by the following caveat:
"... Our approval of the trial court's formulation, however, is limited to the particular charge given within the context of the particular instant case. It would have been preferable for the trial court to have read the exact language of Article 804 to the jury, and future use of the general charge used in the instant case could easily result in reversible error. See, State v. Gibbs, 355 So.2d 1299 (La. 1978)." Id.
The state correctly points out that the instant charge, when read as a whole, includes the same statements reluctantly labeled substantial compliance in Henderson. The trial in the instant case occurred a full seven months after Henderson announced our dissatisfaction with unclear and indirect interpretations of C.Cr.P. 804. Our caveat in Henderson has been unheeded, and we decline to sanction jury instructions which substitute misleading and unclear statements for the direct statutory language of C.Cr.P. 804.
A correct understanding of reasonable doubt is essential in every criminal jury trial. A vital part of that definition is the statutory formulation of C.Cr.P. 804 reasonable doubt may arise out of the lack of evidence in the case. This concept is best explained by the exact wording of the statute. Its essential ingredients are not supplied by jury instructions which merely hint at the idea embodied in the statute. In Henderson we stated that a reading of the exact language of C.Cr.P. 804 would have been preferable; today we hold such a reading to be mandatory.
For the reasons assigned, the conviction and sentence are reversed, and the cause remanded to the district court for a new trial.
BLANCHE, J., dissents with reasons.
MARCUS, J., dissents and assigns reasons.
WATSON, J., dissents for reasons assigned by MARCUS, J.
BLANCHE, Justice (dissenting).
I respectfully dissent. This writer would not overrule this Court's previous holdings that an objection to the court's charge after the jury has retired is untimely. State v. Jefferson, 379 So.2d 1389 (La.1979); State v. Williams, 366 So.2d 1365 (La.1978); State v. Beard, 312 So.2d 278 (La.1974).
MARCUS, Justice (dissenting).
La.Code Crim.P. art. 841 provides that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." (Emphasis added.) In applying this statutory rule of procedure to objections to the trial judge's general charge, this court has consistently held that the objections are untimely if made after the jury has retired for deliberations. I see no reason to change this rule. Moreover, I consider that the orderly processes of the trial court dictate the wisdom of the rule.[1] Accordingly, I respectfully dissent.
LEMMON, Justice, Concurring in the Denial of Application for Rehearing.
The purpose of the rule requiring that objections to jury instructions be interposed timely is to afford the trial judge an opportunity to correct the error pointed out by the objection. The corollary of the timely objection rule is the concept that a party should not be allowed to remain silent until after the verdict and then complain for the first time that the instructions were improper and prejudicial.[1]
*12 This case presents the following question: At what point must a party object to jury instructions in order for the objection to be timely?
On original hearing the court held that an objection to a "patently erroneous" jury instruction was not untimely "if made immediately after the jury is retired". The erroneous instruction given in this case was previously condemned in State v. Gibbs, 355 So.2d 1299 (La.1978). Thus, defense counsel had no reason to anticipate that it would be given.[2] Obviously, both respect for the trial court and good tactics would dictate that defense counsel not interrupt the trial court while in the process of instructing the jury. If defense counsel had waited until the end of the instructions and requested that he be permitted to object (and set forth the grounds for his objection) out of the presence of the jury, he would have unquestionably been entitled to do so, and if the trial court had denied him such opportunity, I would unhesitatingly find that the objection was properly preserved. To force defense counsel to object in the jury's presence on the ground presented here (and be overruled) would be to compound the damage. Because I perceive little difference between an objection out of the jury's presence immediately after the instructions and an objection out of the jury's presence immediately after the jury's retirement, I joined the opinion of the court and concur in the denial of rehearing.[3]
It is evident that an objection, to be considered timely, must be interposed at a point in time when the trial judge can effectively correct any error in the instructions. Ideally, the court should conduct a conference with counsel, between the close of the evidence and the delivery of the instructions, at which the judge rules on requests relative to jury instructions and affords counsel an opportunity to make appropriate objections on the record to general and special instructions. Again ideally, the court should afford counsel, after delivery of the instructions, an opportunity to object (at the bench or outside the jury's presence) to the general charge, in order that corrections or clarifications be made before the jury retires. However, the Code of Criminal Procedure contains no requirement that the trial judge either conduct such conferences or otherwise afford counsel a specific opportunity to make objections prior to the jury's retiring to deliberate.
In the federal system F.R.Cr.P. 30 expressly requires that counsel object to jury instructions before the jury retires to consider its verdict and that the court provide an opportunity to make such objection. However, objections made immediately after the jury retires have been considered timely. 2 Wright, Federal Practice and Procedure § 484 (1969); United States v. Parnell, 581 F.2d 1374 (10th Cir. 1978), cert. denied, 439 U.S. 1076, 99 S.Ct. 852, 59 L.Ed.2d 44. Federal appellate courts also reverse for plain error in the instructions, even in the absence of an objection. F.R. Cr.P. 52.
Unlike F.R.Cr.P. 30, our Code contains no explicit statement barring complaints about jury instructions unless raised "before the jury retires to consider its verdict". Compare C.C.P. Art. 1793. Former R.S. 15:391 (Article 391 of the 1928 Code of Criminal Procedure) contained an explicit requirement that objections to the instructions be made "before the jury shall have retired to deliberate under their verdict". Because this language was not continued in the 1966 Code of Criminal Procedure, it is arguable that the jury's retirement is not an absolute point beyond which no objection can be raised, especially since the Code also lacks a requirement that the court provide counsel *13 an opportunity to object before the jury retires.
According to the court reporter's note, defense counsel in the present case objected to the general charge after the jury retired to deliberate. (Presumably, this was immediately after the jury retired, since the proceedings were still "on the record" when the objection was entered.) The record does not reveal that counsel was afforded any earlier opportunity to object for the record; rather, the record indicates that at the completion of the testimony, the court immediately proceeded into closing arguments and jury instructions and then sent the jury to consider its verdict.
There was no significant difference between an objection just before or just after the jury retired. In either case the judge, if inclined to correct the error, would have had to reinstruct the jury on reasonable doubt. Although defense counsel could have interrupted the jury instructions (and requested retirement of the jury to argue the objection) at some point after the erroneous instruction was read, recalling the jury from the deliberation room at the outset of deliberations would not have caused a significantly greater disruption. In either case, the purpose of the Code's timely objection rule was served. The simple way to avoid the problem was for the trial judge to conduct an instruction conference or to otherwise afford counsel an opportunity for objections on the record before the jury retired.
Finally, the erroneous instruction in this case involved fundamental law, and the error deprived defendant of having the jury instructed that a reasonable doubt may arise out of the lack of evidence. C.Cr.P. Art. 804. This erroneous instruction was devastating to defendant's right to a fair trial before a jury properly instructed on reasonable doubt and the presumption of innocence, which are basic components of a fair trial.[4] Thus, this error in the instruction affected the integrity of the jury's exclusive factfinding function.
NOTES
[1] A different situation is presented when the defendant is contesting a special charge. In that case, the burden is on the defendant to timely submit a proposed charge, C.Cr.P. 807, and his failure to do so bars appellate review. Once he has submitted his proposed charge to the judge, he need not thereafter object if the judge rejects his proposed charge and substitutes therefor an erroneous statement of law. State v. Marmillion, 339 So.2d 788 (La.1976).
[1] Even in civil cases, the rule prevails. La. Code Civ.P. art. 1793 provides that "[a] party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."
[1] If this were not the rule, then counsel could "sit on an error" until an adverse verdict is rendered and then obtain a new trial because of an error that might have been corrected if pointed out timely. See C.Cr.P. Art. 841, Comment (a).
[2] Defense counsel could have, as pointed out by the court, requested a written copy of the instructions in advance. C.Cr.P. Art. 801. However, as also noted, this imposes a substantial burden on the trial court and need not be encouraged.
[3] In either case the jury would have to be called back into court after completion of instruction, if the trial court agreed with the objection and decided to correct the error.
[4] In State v. Williamson, 389 So.2d 1328 (La. 1980), this court recognized its authority, despite a lack of any objection in the trial court, to consider on appeal an error in a jury instruction "of such importance and significance as to violate fundamental requirements of due process". 389 So.2d at 1331. The error in Williamson involved the definition of the offense. I concurred in Williamson. For an excellent discussion of the "plain error" doctrine of F.R. Cr.P. 52 regarding review of jury instructions see United States v. Frady, 636 F.2d 506 (D.C. Cir.1980). For an excellent discussion of our review of erroneous instructions during the sentencing phase of capital cases, see Justice Dennis' opinion in State v. Sonnier, 379 So.2d 1336 (La.1980).