DOUCET, Judge.
The defendant, Carlton Willis, was convicted of second degree murder in the brutal beating death of Charles Brown. Defendant appeals.
No assignments of error were perfected as required by La.C.Cr.P. Art. 844.[1] Therefore, this court is limited to a review of the record for errors that are discoverable by a mere inspection of the pleadings and proceedings. C.Cr.P. Art. 920[2]; State v. Jackson, 332 So.2d 211 (La.1976); State v. Gerald, 325 So.2d 574 (La.1976). A review of the record reflects no error [3].
Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. LSA-C.Cr.P. article 844 provides:
“The party appealing shall designate, in writing, those errors which are to be urged on appeal. This assignment of errors shall be filed within the time specified by the trial judge, but not later than five days prior to the return date. A copy of the assignment of errors shall be furnished to the trial judge by the appealing party on the date such errors are filed.”
“The trial judge may submit such per curiam comments as he desires.”

. LSA-C.Cr.P. article 920 provides:
“The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and;
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”

. In brief, the defendant alleges two errors: (1) that the trial court erred in admitting into evidence a photograph of the victim taken at the death scene; and (2) the trial judge erred in admitting into evidence certain blood found on a automobile jack handle and glass recovered at the scene of the crime.
With respect to the first alleged error, the picture depicts the corpus delecti. It does not show the wounds to the victim’s head, but, merely shows the corpse as found in a cane field. The photograph sheds light on a relevant fact and its probative value clearly exceeds any prejudice. State v. Lindsey, 404 So.2d 466 (La.1981). Defense counsel’s offer to stipulate as to the matter sought to be proved does not preclude the State from employing such probative evidence. State v. Harvey, 358 So.2d 1224 (La.1978).
The second alleged error is equally without merit. The coroner took four vials of blood from the victim’s body which were transferred to and tested by a forensic chemist who typed the blood and found it compatible with blood stains found on the murder weapon. Our review of the record indicates the evidence was properly admitted.