DOUCET, Judge.
The defendant, Eddie Williams, was charged with forcible rape (R.S. 14:42.1). Subsequently, after trial by a jury of twelve, he was convicted of attempted simple rape. Defendant now appeals.
No assignments of error were perfected as required by La.C.Cr.P. Art. 844. Therefore, this court is limited .to a review of the record for errors that are discoverable by a mere inspection of the pleadings and proceedings. C.Cr.P. Art. 920; State v. Jackson, 332 So.2d 211 (La.1976); State v. Gerald, 325 So.2d 574 (La.1976).
In brief, defendant presents two issues: (1) the propriety of jury instructions concerning responsive verdicts and sentences; * and (2) sufficiency of the evidence that the victim was incapable of resisting by reason of stupor or abnormal condition of mind.
With respect to the first error assigned in brief, we note that “Attempted Simple Rape” is not responsive to a charge of “Forcible Rape” under La.C.Cr.P. Art. 814. An unresponsive verdict is error patent on the face of the record and is reviewable on appeal despite absence of an objection. State v. Turnbull, 377 So.2d 72 (La.1979). However, the record reveals that defense counsel requested inclusion of attempted simple rape as a responsive verdict in hope of his client receiving a lesser sentence. He cannot now be heard to argue that the conviction was not responsive to the indictment. Indeed, as aforementioned, he has not specified any assignments of error as required by La.C.Cr.P. Art. 920.
Moreover, the amendment to La.C. Cr.P. Art. 814 designating the responsive verdicts to a charge of forcible rape was not in effect at the time of the offense herein. Under said circumstances, the responsive verdicts to the crime of forcible rape must be determined in light of the statutes requiring responsive verdicts to be either guilty, guilty of a lesser included grade of offense or not guilty. La.C.Cr.P. Art. 815. Accord: State v. Turnbull, supra. Attempted simple rape has been found to be responsive to a charge of attempted forcible rape pursuant to La.C.Cr.P. Art. 815 (now superceded by La.C.Cr.P. Art. 814). State v. Turnbull, supra. See also: State v. Miller, 237 La. 266, 111 So.2d 108 (1959); 20 La.L.Rev. 606 (1960). Pursuant to Turnbull we find that attempted simple rape was responsive to defendant’s indictment for forcible rape.
The second error assigned in brief is totally without merit. The record indicates the defendant volunteered the victim a ride home from a bowling alley. Instead, he escorted the victim to a secluded area and raped her. At trial the victim testified as to her acts of resistance and resultant scratches and bruises. Her testimony in this regard was corroborated by the coroner’s report which also indicated the sexual act had been completed. A review of the record reflects that the victim was prevented from resisting the act due to force and threats of physical violence under circumstances where she reasonably believed that further resistance would not prevent the rape.
Furthermore, the fact that the defendant actually completed the crime does not preclude a conviction for attempt thereof. See: La.R.S. 14:27. The defendant cannot escape conviction by showing he committed a more serious offense inasmuch as failure is not an essential element of attempt.
For the reasons set forth hereinabove, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

 NOTE: The appellant, does not contest the unresponsiveness of the verdict returned, but instead, objects to responsive verdicts in general as the multitude of choices offered arguably lessens the likelihood of a not guilty verdict, thereby diminishing the reasonable doubt standard. For the reasons assigned above, this issue will not be addressed.