PROVOSTY, J.
The defendant was convicted of murder, and sentenced to be hanged, and he appeals.
One point on which he relies for a reversal of the judgment is that, over his objection, the testimony of a witness taken at the pre *677 liminary examination was admitted, on the ground of the permanent absence of the witness from the state, without the proper foundation haying been laid for the admission of the testimony by proof of the permanent absence of the witness.
To prove the permanent absence of the witness, the state first put upon the stand the officer to whom was given the subpoena to be served on the witness. The witness was a soldier of the United States army, living at the Jackson Barracks. The officer went to the barracks, and inquired for him, and was informed that he had been sent to Ft. Bayard, N. M., for consumption, and would never return.
The state next put on the stand the post surgeon at the Jackson Barracks, who testified as follows: That he was the post surgeon, an officer of the United States army. That he knew the witness; had had him as a patient suffering from pulmonary tuberculosis in both lungs; had recommended that he be transferred to the United States tuberculosis hospital at Ft. Bayard, N. M. That he had been ordered there. That he knew the order had been carried out, because he had certified sleeping car accommodations for the man to New Mexico. He knew the man was no longer at the barracks, and had heard that he was in the Ft. Bayard hospital. That the man was suffering from tuberculosis in an acute stage, and that, if he recovered, he would be discharged from the service. That the climate of New Orleans would be very bad for him.
The state next put on the stand one of the soldiers from the barracks, who testified that he was already at the barracks when the absent witness came there; that he had known him well at the barracks; was there eight or nine months with him'; and did not know where his home was.
The state next offered the testimony of the absent witness “for the purpose of completing the foundation for the introduction of the same”; that is to say, to show that the absent witness had testified that his home was Fall River, Mass.
This last offer was objected to by the defendant, and properly. But we think the foundation was sufficient without this additional evidence. It shows that the absent witness had come to the barracks, as a soldier, from no one knew where; and that he had been sent to New Mexico with a disease which would cause his discharge from the service if he ever recovered.
We pass to the next point urged by defendant.
A witness was sworn for the state, and asked whether he remembered the night of the shooting, and whether he saw the accused that night; and thereupon defendant interposed the objection that the witness should not be permitted to testify, because he was incompetent, he having been drunk on the occasion referred to. The court ruled that the objection went to the credibility of the witness, and to the weight to be attached to his testimony, and not to his competency.
Evidently this ruling was correct.
Judgment affirmed.