327 So.2d 365 (1975)
STATE of Louisiana
v.
Eddie LUCKETT.
No. 56289.
Supreme Court of Louisiana.
October 1, 1975.
Dissenting Opinion November 21, 1975.
On Rehearing February 23, 1976.
*367 Leo A. Miller, Jr., McIntosh, Fox & Miller, Lake Providence, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Thompson L. Clarke, Dist. Atty., C. R. Brackin, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant, Eddie Luckett, was charged by bill of information with simple robbery in violation of La.R.S. 14:65. He was convicted after trial by jury and was sentenced to serve five years in the custody of the Louisiana Department of Corrections.
On appeal, defendant presents six assignments of error for our review. We find merit in defendant's assignment of error no. 3 and accordingly reverse the conviction and sentence.
In abbreviated form the facts are that the accused, a friend of his by the name of Diane Phenix, and one Quitman Wayne Ainsworth were riding along Louisiana Highway No. 134 on the evening of February 25, 1975 in a vehicle driven by the defendant, when the defendant stopped his automobile. After Ainsworth got out to check for a low tire, an altercation outside of the car took place between Ainsworth and the defendant. Defendant purportedly beat Ainsworth with his fists and allegedly during the beating took various items, including a blue Cricket cigarette lighter, a wallet containing about $3.00, and a pocket knife, from Ainsworth.
At trial defendant admitted fighting with Ainsworth, explaining that he had bought a tape player from Ainsworth two weeks prior to the incident and was actually seeking to get his money back because the tape player did not work. He denied taking anything from Ainsworth although at the time of the arrest, he was in possession of a blue Cricket cigarette lighter allegedly belonging to Ainsworth. His explanation was that he had found the lighter in the back seat of his car where Ainsworth had earlier been seated.
The reversible error which we find occurred took place during the state's crossexamination of defendant.[1] In this nonnarcotic *368 offense of simple robbery, without any evidence that the defendant had ever been convicted of the crime of possession of marijuana, the district attorney quizzed defendant on whether he had, on the night in question, any marijuana in the back seat of his car and whether he had been smoking marijuana that night. While the court originally sustained an objection to the original question concerning marijuana in the back seat of the car, the court nonetheless changed its ruling upon the state's pointing out that defendant was under cross-examination and that his credibility was at issue. Following the court's overruling of the objection, the state succeeded in eliciting from the defendant the incriminating response that he had not been smoking marijuana "that night," with the obvious inference that he had perhaps smoked marijuana on other occasions. Indicative that the prosecutor's objective was to obtain an oral admission of an incriminating nature from the irrelevant and prejudicial questioning, and that the prosecutor had no evidence that the defendant had any prior conviction(s), is the fact that after securing the incriminating statement he turned his questioning to other matters.
Defendant's credibility was at issue inasmuch as he had taken the stand in his own defense, but under our law defendant's credibility may be attacked only by having him admit or deny whether he had been convicted of a crime, and only if he denied a previous conviction could the state produce evidence that he had indeed been so convicted. See R.S. 15:495. That statute is also express in mandating that only convictions may be used to impeach a witness' credibility; the state may not even inquire into arrests or indictments. The pertinent questions here were obviously not permissible under that statute.
Evidence of the commission of prior crimes was likewise not admissible to prove the defendant's bad moral character, as the state may introduce testimony of the bad character of the accused only to rebut evidence introduced by him to show good character, and even then such rebuttal evidence as limited to general reputation in the community. La.R.S. 15:481, State v. Harris, 258 La. 720, 247 So.2d 847 (1971); State v. Norphlis, 165 La. 873, 116 So. 374 (1928). Defendant here had not put his character in issue.
*369 Evidence of other crimes is admissible only under the provisions of R.S. 15:445 and 15:446, where it is introduced to establish knowledge, system or intent where such knowledge, system or intent is relevant. Even then such evidence of other crimes is permissible only if the state has followed the requisite guidelines outlined in State v. Prieur, 277 So.2d 126 (La.1973). Furthermore, compliance with the statute and the Prieur guidelines is necessary regardless of the stage of the trial at which other crimes evidence is offered, including cross-examination of the defendant. State v. Ghoram, 290 So.2d 850 (La.1974). In this case, the state does not even argue the admissibility of the other crimes evidence on the basis of R.S. 15:445 and 15:446, much less compliance with the notice required by Prieur.
The state in brief points to State v. White, 301 So.2d 321 (La.1974) for the proposition that evidence of prior crimes is admissible to question defendant's credibility when he chooses to testify in his own behalf. Unlike the case at hand, State v. White involved interrogation of a defendant relative to convictions of several crimes,[2] and the evidence was therefore admissible under R.S. 15:495.
We find that the court's ruling which allowed the state to have defendant inferentially admit that he smoked marijuana on another occasion than the night in question was both a substantial violation of a statutory right and was extremely prejudicial to the accused, as a consequence of which we have no alternative but to reverse this conviction. See Art. 921, La.C.Cr.P.
Accordingly, the conviction and sentence of the defendant are reversed and the case remanded to the trial court.
Reversed.
SUMMERS, J., dissents and will assign reasons.
DIXON and MARCUS, JJ., dissented.
SUMMERS, Justice (dissenting).
Defendant took the stand on his own behalf. He was questioned by defense counsel concerning where he obtained the lighter which the State claimed he took from Ainsworth. He replied he found it in the back seat of the car. At that point defense counsel asked him, "What in the world were you doing in the back seat of your car? How did you manage to find the lighter, in the back seat of your car?" He replied that he was getting paper there to wipe mud off his pants.
It is my view that the State's attorney was permitted to cross-examine him concerning what he was doing in the back seat and what else was there. By this questioning the State apparently sought to show that there were other things in the back seat which induced defendant to be there besides the paper to wipe mud off his pants. This was legitimate cross-examination to contradict the defendant's testimony on a fact which was testified to by the defendant on direct examination. As such it was within the scope of legitimate cross-examination.
Section 462 of Title 15 of the Revised Statutes provides that "When a person accused, or a husband and wife becomes a witness, such witness shall be subject to all the rules that apply to other witnesses, and may be cross-examined upon the whole case."
*370 Not only may an accused who takes the stand be cross-examined on the whole case, the cross-examination is not limited to matters covered on direct examination. State v. Sears, 298 So.2d 814 (La.1974); State v. Collins, 283 So.2d 744 (La.1973); State v. St. Amand, 274 So.2d 179 (La. 1973). It should be noted also, that at the time of the objection defense counsel gives no reason for objecting except to say that the questioning was inflammatory. This is not the basis for the reversal. State v. George, 312 So.2d 860 (La.1975).
None of the authorities cited in the majority opinion relate to a case where the accused has taken the stand and waived his right to incriminate himself.
In my view the cross-examination in this case was proper.
I respectfully dissent.

ON REHEARING
MARCUS, Justice.
Eddie Luckett was charged by bill of information with simple robbery of Quitman Wayne Ainsworth in violation of La.R.S. 14:65. After trial by jury, he was found guilty as charged and was subsequently sentenced to serve five years with the department of corrections. Defendant appealed to this court, relying on six assignments of error.[1] On original hearing, this court found merit in Assignment of Error No. 3. The conviction and sentence were reversed and the case remanded for a new trial. Upon application of the state, we granted a rehearing. After reconsideration, we find no merit in Assignment of Error No. 3. Our examination of the other assigned errors leads to the conclusion that they likewise are without substance. Accordingly, we vacate our original decree and affirm defendant's conviction and sentence.

FACTS
About eleven-thirty on the night of February 23, 1975, Quitman Wayne Ainsworth was walking down La. Hwy. 134. He was given a ride by Eddie Luckett who was accompanied by Diane Phenix. Luckett stopped the vehicle on the pretext of looking at a flat tire. Both Luckett and Ainsworth alighted from the car, and, while Ainsworth was looking at the tire, he was struck by Luckett. Luckett hit, kicked and stomped Ainsworth. During the beating, Luckett allegedly removed a wallet containing $3.00 and a pocket knife from Ainsworth's pants and a blue Cricket lighter and cigarettes from his shirt pocket. Ainsworth also claimed that a nickel was missing from his pants pocket after the incident. Diane Phenix got out of the car and was successful in getting Luckett to stop beating Ainsworth. Luckett and Phenix then re-entered the car and drove off as Ainsworth ran from the scene. Shortly thereafter, a car stopped and Ainsworth was offered assistance. He declined because of his bloody condition, but the occupants of the vehicle proceeded to town and reported the matter to the police. A description of the automobile, as well as the clothes worn by his assailant, was given by Ainsworth to the police. About three hours later, based on this information, Luckett was arrested. At the time of his apprehension, he was driving the car and dressed in the clothing as described by Ainsworth. A blue Cricket lighter and $3.14 were on his person at the time of arrest. Luckett's shirt had blood and mud stains on it; his pants and shoes were muddy; and his pants had a hand print on them. Diane Phenix testified that she saw Luckett with a wallet when he got back into the car, saw him remove $3.00 from it and then throw the other papers away as they departed. The next day she took the police officers to the place where *371 this occurred, and the contents of the wallet were recovered.
Luckett took the stand and freely admitted beating Ainsworth but denied taking anything from him. He claimed that he had bought a defective tape player from Ainsworth two weeks prior to the incident and was seeking to get his money back. He testified that he had seen the blue Cricket lighter in the back seat, where Ainsworth had been seated, when Diane opened the door and the car light came on. He stated further that he had gone into the back seat to get some papers to wipe the mud off his pants. This he claimed was the reason for the fingerprints on his pants. He also explained that it was at this time that he put the lighter into his pocket.

ASSIGNMENT OF ERROR NO. 1
Defendant moved for a preliminary examination to determine probable cause. After presentation of the state's evidence, the trial judge ruled that there was probable cause to charge the accused with the offense. La.Code Crim.P. art. 296 (1966). Defendant alleges that the trial judge erred in this ruling.
The question of probable cause is now moot since defendant has been tried and convicted by a jury. State v. Monk, 315 So.2d 727 (La.1975) and State v. Richardson, 258 La. 62, 245 So.2d 357 (1971). Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant filed a motion to suppress all evidence seized from him at the East Carroll Sheriff's office on the night of his arrest. He contends that the search was unlawful as it was not performed contemporaneously with his arrest. The denial of this motion by the trial judge is the subject of Assignment of Error No. 2.
Description of the clothing that the suspect was wearing and the vehicle he was driving had been transmitted to the police by the victim. About three hours thereafter, a car meeting this description was spotted at the Key service station on Fourth and Gould. It was stopped by the police, and the clothing of the driver fit the description given by the victim. The suspect was ordered out of the car, handcuffed and placed under arrest. He was immediately taken to the police station where he was ordered to remove the contents of his pockets and place them on the desk. This was some ten minutes after his arrest. A billfold, a blue Cricket lighter and $3.14 were removed by defendant.
Under the circumstances, probable cause existed to arrest defendant. Hence, the arrest was lawful, and the search and seizure were made incident thereto. A search incident to a lawful arrest is an exception to the warrant requirement of the fourth amendment. The fact that the search and seizure were not performed until defendant arrived at the police station is of no moment. We stated in the recent opinion in State v. Rogers, 324 So.2d 403 (La.1975):
. . . Searches and seizures that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention. Both the arrestee's person and the property in his immediate possession may be searched at the station house after the arrest has occurred at another place, and, if evidence of crime is discovered, it may be seized and admitted in evidence. United States v. Edwards, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974).
The trial court properly denied the motion to suppress. Assignment of Error No. 2 lacks merit.

ASSIGNMENT OF ERROR NO. 3
Defendant took the stand and testified during his examination in chief that he had found the blue Cricket lighter on the back seat of his car. During cross-examination, *372 he was questioned concerning this fact and was asked if he had marijuana on the back seat. Objection made by defendant was first sustained; however, upon being reminded that this was crossexamination, the court overruled the objection and defendant was again asked if he had some marijuana on the back seat of his car. He replied that he did not. Then the question was propounded: "Had you been smoking marijuana that night?" And he replied: "Not that night." The objection was made on the ground that this was inflammatory. The overruling of this objection forms the basis of Assignment of Error No. 3.
The following are pertinent statutory provisions:
When a person accused, or a husband or wife becomes a witness, such witness shall be subject to all the rules that apply to other witnesses, and may be crossexamined upon the whole case.
La.R.S. 15:462.
Each side has the right to impeach the testimony and the credibility of every witness sworn on behalf of the other side.
La.R.S. 15:486.
The credibility of a witness may be attacked generally, by showing that his general reputation for truth or for moral character is bad, or it may be attacked only in so far as his credibility in the case on trial is concerned.

La.R.S. 15:490. (Emphasis added.)
Defendant's credibility was at issue when he took the stand in his own defense. The state has an undoubted right to crossexamine a defense witness to test his credibility relative to the facts in the case on trial.
Defendant stated on direct examination that he had found the blue Cricket lighter on the back seat of his car where the victim had been seated. The fact of whether the lighter had been taken from the victim at the time of the beating, as related by the victim and denied by defendant, or found on the back seat of the car, as defendant had testified, was crucial to the state's case.
Various ways are recognized as proper to attack the credibility of a defendant who has testified to facts that occurred at the time of the offense. Thus, defects of capacity, sensory or mental, which would lessen the ability to perceive the facts which the witness purports to have observed, are provable to attack the credibility of the witness, either upon cross-examination or producing other witnesses to prove the defect. Clearly, a defect in capacity may result from the use of drugs or alcohol.[2] Whether a witness was intoxicated, by use of drugs or alcohol, on the occasion respecting which he is called upon to testify goes to his credibility and weight of his evidence and not to his competency. See State v. Sejours, 113 La. 676, 37 So. 599 (1904).
Therefore, it was permissible for the state to cross-examine defendant as to *373 his use of marijuana at the time of the alleged offense. It represented a proper attempt to attack his credibility which was crucial to the state's case. After receiving negative responses to the two or three questions asked by the prosecutor, the matter was pursued no further. Under the circumstances, we do not find that the questioning of defendant was inflammatory. Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends that the trial judge erred in denying his motion for a mistrial. He claims that the prosecutor's continued use of the word "bloody" in his closing argument to the jury was inflammatory and created prejudice against defendant in the mind of the jury.
In argument to the jury, the prosecutor, in order to show that the state had proven "force or intimidation" in the taking, first related the details of the beating of the victim Ainsworth by the defendant as brought out by the testimony of both Ainsworth and Diane Phenix and admitted by defendant himself. The prosecutor commented:
. . . [T]his is the closest that we ever come to really just having an eyeball witness to the whole bloody mess so to speak. . . . And when I say, bloody mess, that's exactly what I mean . . . [holding up the shirt of defendant introduced into evidence]. It doesn't, it doesn't take an expert to recognize a blood spot on a shirt when they have seen them. You ladies have seen this often enough. And the defendant admits that this is his clothing. This is the shirt that he had on when he beat up Wayne Ainsworth. . . .
Officer Bridges testified that at the time of arrest defendant had on a shirt with blood on it in several places, and defendant was "muddy and bloody." The shirt was properly identified by the officer and introduced into evidence. The victim also testified as to his bloody condition.
Argument shall be confined to evidence admitted, to lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. La.Code Crim.P. art. 774 (1966). When evidence is properly admitted, it is not improper for the state to refer to it in closing argument. State v. Vince, 305 So.2d 916 (La.1974). Also, the prosecutor may properly comment on and summarize the evidence in arguing facts. State v. Sellers, 292 So.2d 222 (La.1974) and State v. Daniels, 262 La. 475, 263 So.2d 859 (1972).
In view of the evidence adduced regarding the presence of blood on defendant's shirt and the victim, the prosecutor's use of the word "bloody" in his closing argument was not improper. It was not unduly repetitious. The trial court correctly denied defendant's motion for a mistrial. Assignment of Error No. 4 is without merit.

ASSIGNMENT OF ERROR NO. 5
In this assignment of error, defendant contends that the prosecutor in his closing argument erroneously defined acts that constitute the crime of simple robbery.
There is no merit to this contention. The prosecutor first defined the crime of simple robbery as set forth in R.S. 14:65. He also related to the jury the definition of theft as contained in R.S. 14:67. Thereafter, his argument was directed to show wherein the evidence supported each element of the crime charged. We find no reference by the prosecutor to acts not constituting simple robbery. Assignment of Error No. 5 is without substance.

ASSIGNMENT OF ERROR NO. 6
Defendant contends in this final assignment of error that the trial judge erred in failing to charge the jury as to the entire *374 law applicable to the case and in refusing to give several special charges requested by defendant.
The trial judge is required to charge the jury as to the law applicable to the case. La.Code Crim.P. art. 802 (1966). In addition to the judge's general charge, the state and defendant shall have the right before argument to submit to the court special charges for the jury. A requested special charge shall be given by the judge if it does not require qualification, limitation or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given. La.Code Crim.P. art. 807 (1966).
Defendant argues that the trial judge's general charge was inadequate insofar as to what constitutes "taking" under the law; therefore, his requested special charges should have been given. The record does not contain any such special charges. In any event, the general charge fully sets out each element of the crime charged and defines simple robbery and theft as contained in R.S. 14:65 and R.S. 14:67. In our view, the trial judge's general charge adequately covered the law applicable to the case. La.Code Crim.P. art. 802 (1966). Hence, there is no merit in this assignment of error.

DECREE
For the reasons assigned, our original decree is vacated and set aside; and it is hereby ordered that defendant's conviction and sentence be affirmed.
TATE, J., dissents and adheres to the court's opinion on original hearing.
CALOGERO, J., dissents and assigns reasons.
CALOGERO, Justice (dissenting).
I respectfully dissent from the affirmance of defendant's conviction and sentence for the reasons assigned in this Court's opinion on original hearing.
NOTES
[1] The pertinent portion of the transcript is the following:

BY MR. BRACKIN
Q. Mr. Luckett, this is all, uh . . . very convenient for you to look back and find that blue cricket lighter back there in the back seat wasn't it?
A. Well I was getting some papers, uh . . . if the officer will correct me they'll show him . . . he'll testify that there was some paper in the back seat. Which I . . . he didn't know if I used it or not but I used it to wipe off the mud off my pants . . . and my shoes as much as I could.
Q. What else did you have in the back seat of your car Mr. Luckett?
A. Uh . . . I had a letter back there and some of my copies.
Q. And the marijuana in the back seat?
MR. MILLER: Objection.
A. I didn't have any.
JUDGE SMITH: Sustained.
MR. BRACKIN: This is cross examination, Your Honor.
JUDGE SMITH: That's right, then the objection is overruled.
MR. MILLER: Your Honor, what . . .
JUDGE SMITH: The objection is overruled Mr. Miller he's now in cross examination.
Q. Didn't you have some marijuana in the back seat of your car?
A. No I did not.
Q. Had you been smoking marijuana that night?
A. Not that night.
MR. MILLER: Well let him answer. Gee whiz. I just think his inflammatory . . . Your Honor, I object this whole line of questioning it's utterly inflammatory. I don't know what . . .
JUDGE SMITH: Mr. Miller, if inflammatory he's under cross-examination. He's submitted himself to cross-examination. And as the ruling of the Court and further argument on that issue will not be entertained.
MR. MILLER: I object to the ruling of the Court, Your Honor, and I'd like for my objection to be noted of record.
JUDGE SMITH: The objection is noted.
[2] In White, the defendant admitted his prior convictions. The bill of exception was taken when the prosecutor in rebuttal argument referred to defendant's admitted prior convictions. We found no reversible error because after defense objection the judge immediately admonished the jury that evidence of other convictions could only be considered in weighing the credibility of the accused and could not be considered on the question of guilt or innocence.
[1] Defendant designated an additional error (Assignment of Error No. 3) in his assignment of errors filed in the district court. However, this alleged error was neither briefed nor argued in this court. Therefore, we consider it abandoned.
[2] As stated in McCormick on Evidence:

Manifestly, however, the fact of mental `abnormality' either at the time of observing the facts or at the time of testifying will be provable, on cross or by extrinsic evidence, as bearing on credibility. [footnote omitted]
. . . . .
Abnormality, as we have seen, is a horse of a different color. It is a standard ground of impeachment. [footnote omitted] One form of abnormality exists when one is under the influence of drugs or drink. If the witness was under the influence at the time of the happenings which he reports in his testimony or is so at the time he testifies, this condition is provable, on cross or by extrinsic evidence, to impeach. . . . [footnote omitted]
C. McCormick, Law of Evidence, § 45 at 93, 94 (2d ed. 1972).