389 So.2d 69 (1980)
STATE of Louisiana
v.
William JACKSON.
No. 67405.
Supreme Court of Louisiana.
October 6, 1980.
*70 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Thomas Chester, Asst. Dist. Atty., for plaintiff-relator.
Thomas Mull, Orleans Indigent Defender Program, New Orleans, for defendant-respondent.
WATSON, Justice.
Defendant, William Jackson, was convicted by a jury of attempted crime against nature on May 26, 1976. At a multiple offender hearing, represented by counsel, Jackson admitted to being the same William Jackson who was convicted of felonies in 1969, 1972, and 1973. As a fourth offender, Jackson was sentenced to twenty years at hard labor.
Defendant filed a motion for correction of an illegal sentence, alleging that the court which accepted his guilty plea on December 22, 1969, did not comply with the requirements of Boykin v. Alabama, 395 U.S 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The trial court treated the motion as an application for a writ of habeas corpus, and ordered a hearing. At the evidentiary hearing, the State failed to show that the prior pleas had been obtained in compliance with Boykin. The multiple bill was quashed, and the sentence vacated. Defendant was resentenced to two and one-half years at hard labor. A writ of certiorari was granted to the State.
Defendant was represented by counsel at the multiple offender hearing. Since no objection was made to consideration of the prior pleas, the issue of Boykin compliance when those pleas were made was waived. State v. Jefferson, 379 So.2d 1389 (La., 1980); State v. Holden, 375 So.2d 1372 (La., 1979). The trial court erred in requiring the State to prove that Boykin was followed when the previous pleas were entered.
For the foregoing reasons, the sentence is vacated, and the matter is remanded for resentencing.
REVERSED AND REMANDED.
DIXON, C. J., dissents.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
The contemporaneous objection rule of C.Cr.P. art. 841 is, by its terms, basically a pre-verdict device, and I am disinclined to apply it in a multiple offender hearing. Nevertheless, the prosecution fulfilled its burden at the original hearing by proving that the convictions had been obtained, after defendant had failed to call the validity of the convictions into question. Because of this failure, defendant is not relegated to post-conviction relief, at which he will have the burden of proving the invalidity of the convictions because of the absence of counsel or the lack of required Boykinization.