LEMMON, Justice,
concurring.
At the multiple offender hearing the state introduced evidence, without objection, of two prior convictions based on guilty pleas. If defendant had objected at that time, the burden would have been on the state to prove the guilty pleas were voluntarily entered with knowledge of the consequences. Defendant’s failure to object at that time does not impliedly waive his right forever to assert any constitutional deficiencies in those guilty pleas, but the failure does relegate defendant to post conviction proceedings, at which the burden *90 will be on defendant to prove a constitutional deficiency in his pleas. See my concurring opinion in State v. Jackson, 389 So.2d 69 (La.1980).
I differ from my colleagues who voted to grant this writ, however, in that I believe a guilt plea is not necessarily constitutionally deficient merely because the three right articulation procedures outlined in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) was not followed. The decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), while rejecting any presumption of a knowledgable and intelligent waiver when the record is silent, did not require any specific articulation of constitutional rights on the record contemporaneous with the plea, although the Court noted that such a practice is highly preferable.[1] Therefore, when a guilty plea is subsequently attacked in post conviction proceedings, the trial court may consider all evidence offered at the post conviction hearing in determining whether the plea was intelligently and voluntarily entered at the time with awareness of its consequences. McChesney v. Henderson, 482 F.2d 1101 (5th Cir. 1973), cert. denied, 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102 (1974).

. In Boykin the Court noted:
“A majority of criminal convictions are obtained after a plea of guilty. If these convictions are to be insulated from attack, the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses of which he is charged and the permissible range of sentences.”