414 So.2d 1207 (1982)
STATE of Louisiana ex rel. Michael FERRAND
v.
Frank BLACKBURN, Warden, Louisiana State Penitentiary.
No. 81-KH-1241.
Supreme Court of Louisiana.
May 17, 1982.
Rehearing Denied July 2, 1982.
*1208 Louis Westerfield, Loyola University Law School, New Orleans, for defendant-applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, John H. Craft, Asst. Dist. Attys., for plaintiff-respondent.
LEMMON, Justice.
This matter is before the court on defendant's postconviction application, by which he seeks to set aside his conviction of armed robbery. His principal contention is that the evidence presented at trial was insufficient to prove his guilt beyond a reasonable doubt.[1] We granted certiorari to review the trial court's denial of postconviction relief. La., 404 So.2d 498.

I.
Viewed in the light most favorable to the prosecution, the trial evidence established the following facts: Defendant entered a parked bakery truck at midday, with a piece of newspaper over his right arm, and ordered the deliveryman to "give me all your money or I'll kill you". Defendant then took $20 in cash, a woman's watch and two boxes of crackers. As he left the truck, defendant told the victim "to go to the front of the truck and lay down, and you had better not try any funny stuff, because I have a gun and I'll blow your ... brains out".
The victim called the police, who arrived within three minutes of the crime. The victim described the robber as wearing a blue tee shirt and maroon pants, and he informed the police that the robber had disappeared into an alley alongside a house, about 45 feet from his truck.
The victim and one officer went to the front door of the house and knocked. The person who answered did not fit the description of the robber, and he denied that anyone else was in the house. However, a second officer, who had gone around to the back of the house, apprehended defendant as he came out of the house wearing the *1209 clothes described by the victim. A search of defendant's person yielded the watch stolen from the victim, but the officer did not find the money or a weapon on defendant's person. The victim identified the watch and the clothes worn by the robber, and he also identified defendant as the robber, both at the scene and in court. The jury returned a verdict of guilty, rejecting defendant's story that he found the watch in the alley alongside the house.

II.
Defendant contends that the evidence was insufficient to prove an essential element of the crime of armed robbery, namely, that he committed the theft while armed with a dangerous weapon. See R.S. 14:64; 14:2(3). Defendant did not raise this assignment of error in his appeal.[2] However, since a conviction based upon insufficient evidence is a violation of constitutionally guaranteed due process, such an assignment may be raised in a postconviction proceeding. C.Cr.P. Art. 930.3(1); State ex rel. Womack v. Blackburn, 393 So.2d 1216 (La. 1981).
The victim did not offer any direct testimony that defendant was armed with a dangerous weapon. He did not see a weapon, but only assumed that defendant was armed because he said he was. Thus, the only evidence that defendant was armed with a dangerous weapon is the inference arising from that statement by the robber to the victim.
The sole fact that, in the course of the robbery, defendant told the victim he had a gun does not prove beyond a reasonable doubt that defendant was armed with a dangerous weapon. State v. Gould, 395 So.2d 647 (La.1981). Based on the evidence in this record, a conclusion that defendant was not armed and made the statement solely to compel compliance with his orders is just as reasonable and as plausible as a conclusion that defendant was armed with the dangerous weapon. Such a statement under these circumstances, standing alone, simply does not constitute proof beyond a reasonable doubt of that essential element of the offense.
The evidence in this particular case casts even more doubt that defendant was armed with a weapon at the time of the robbery, since defendant, when apprehended after being out of sight for only a few minutes, did not have a weapon on his person. Moreover, the police did not find a weapon in the alley between the point of the robbery and the point of apprehension, or in the house from which defendant emerged near the scene. While defendant conceivably might have disposed of a gun in the short period of time and limited area of space, the overall circumstances cast a reasonable doubt on the conclusion that defendant used a gun during the commission of the robbery.
This case is distinguishable from those, such as State v. Green, 409 So.2d 563 (La. 1982), in which the robber used an instrumentality which was not inherently dangerous, but which in the manner used was likely to produce great bodily harm.[3] Here, there was insufficient proof of the existence either of a gun or of any instrumentality which was used in a manner likely to produce great bodily harm.[4]
*1210 Accordingly, the conviction of armed robbery and the sentence are set aside, and the matter is remanded to the trial court with instructions to enter a judgment of guilty of simple robbery and to sentence defendant for that crime as a multiple offender.[5]
MARCUS and BLANCHE, JJ., dissent and assign reason.
WATSON, J., dissents for reasons assigned by BLANCHE, J.
MARCUS, Justice (dissenting).
I consider the actions of defendant in robbing the victim with a piece of newspaper over his right arm and ordering him to turn over his money or "I'll kill you" and telling him "to go to the front of the truck and lay down, and you had better not try any funny stuff, because I have a gun and I'll blow your ... brains out" with enough time for him to dispose of the gun prior to being apprehended constituted sufficient evidence for the jury to conclude that defendant was armed with a gun. To hold otherwise would permit a "hidden gun exception" to the armed robbery statute. See my dissent in State v. Gould, 395 So.2d 647 (La.1981).
I respectfully dissent.
BLANCHE, Justice (dissenting).
I dissent from the reversal of defendant's conviction of armed robbery. The defendant approached his victim with a newspaper draped over his hand as though concealing a weapon. He threatened the life of his victim and stated that he was armed with a gun. He then disappeared into an alleyway 45 feet from the truck.
A watch, 2 boxes of crackers and $20 in cash were taken in the robbery. When defendant was captured shortly after the offense, only the watch was recovered. Defendant obviously had time to conceal the money and the crackers in the interval between the robbery and arrest. A natural conclusion is that the weapon used was also successfully concealed during that time.
Viewing this evidence in the light most favorable to the prosecution, a rational juror could have believed the victim and, coupled with his ability to dispose of the evidence, would have concluded beyond a reasonable doubt that defendant was armed with a dangerous weapon.
NOTES
[1] Defendant also contends that the trial court erred in instructing the jury as to the presumption of theft arising from the unexplained possession of recently stolen goods. See R.S. 15:432. There was no objection to the court's instructions to the jury, and defendant cannot avail himself, after verdict, of the alleged error. C.Cr.P. Art. 841. See Tyler v. Phelps, 643 F.2d 1095 (5th Cir. 1981). Moreover, because there was no objection, the instruction was not transcribed, and there is no way for an appellate court to review this belated contention.
[2] In his appeal, defendant's only assignment of error was that he was denied effective assistance of counsel. Because that assignment was more properly reviewable in a postconviction proceeding, in which a full evidentiary hearing may be ordered, we rendered a per curiam affirmation of the sentence. State v. Ferrand, 356 So.2d 421 (La.1978).
[3] See State v. Gould, above, for a discussion of the difference between an inherently dangerous instrumentality and an instrumentality which in the manner used is likely to produce great bodily harm.
[4] The state originally charged that defendant was armed with a knife, but two days before trial amended the information to charge he was armed with a gun.

On appeal, the state argues that defendant used the piece of newspaper draped over his arm in a manner calculated to create fear of bodily harm in the victim. However, the newspaper was neither an inherently dangerous instrumentality nor an instrumentality which was used in a manner likely to produce great bodily harm. R.S. 14:2(3). At most the draped newspaper constituted circumstantial evidence possibly bearing on the determination of whether defendant was actually armed with a gun, as he stated to the victim.
[5] Defendant did not challenge the propriety of the multiple offender proceeding instituted under R.S. 15:529.1. Hence, that finding is not affected by this decision.