416 So.2d 68 (1982)
STATE of Louisiana
v.
Sterling TALBERT and Reginald Youngblood.
No. 81-KA-1312.
Supreme Court of Louisiana.
June 21, 1982.
*69 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Thomas Chester, Louise S. Korns, Asst. Dist. Attys., for plaintiff-appellee.
Thomas Ford, Dwight Doskey, Morris Hyman, New Orleans, Orleans Indigent Defender Program, for defendants-appellants.
LEMMON, Justice.[*]
Defendants' principal contention in their appeal from a conviction of armed robbery is that the evidence does not support the jury's finding that all of the elements of the offense were proved beyond a reasonable doubt.
While the victim was sitting in the back room of a lounge during the early morning hours, defendant Talbert placed an iron or wooden object, covered by his coat, against the victim's back and demanded money under threat of killing the bar owner and the victim. The robbers took about $50 in cash.
The police responded immediately to the victim's telephone call and drove down the street with the victim in search of the robbers. Within ten minutes of the crime, the police came upon two people on the sidewalk who were wearing clothes similar to those described by the victim. When the victim identified the men as the robbers, the police immediately arrested them and searched them, recovering approximately $50 in cash. However, the police did not find any object resembling a gun.
Defendants contend that the evidence was insufficient to prove that they were armed with a dangerous weapon.
Although defendant Talbert threatened to shoot the bar owner and the victim during the course of the robbery, the victim never saw a weapon. Moreover, when defendants saw the police car approaching them, they did not make any effort to throw away any weapon, and no weapons were found at the time of the search shortly after the robbery.
This court has held that when there is no direct evidence of the use of a dangerous weapon and the circumstances do not sufficiently support the jury's finding of the use of such a weapon or instrumentality beyond a reasonable doubt, then the conviction of armed robbery cannot stand. State ex rel. Ferrand v. Blackburn, 414 So.2d 1207 (La. *70 1982). In the Ferrand case, defendant robbed a bakery truck with a newspaper draped over his arm, while threatening to shoot the victim. This court held that defendant's statement that he had a gun was insufficient to prove beyond a reasonable doubt that defendant was armed with a dangerous weapon, because there was no direct evidence of a gun or, for that matter, of any instrumentality which, although not "inherently dangerous", was used in a manner likely to create the risk of death or great bodily harm.[1]
The Ferrand case is distinguishable because in the present case the victim did perceive with his senses the existence of a gun or similar instrumentality, and the victim gave direct evidence of the existence of the gun or instrumentality by his testimony that he felt an object like a gun or iron pipe pressed against his back. Whether the object pressed against the victim's back was a pistol, a piece of pipe, or another instrumentality, is not dispositive. The highly charged atmosphere created by its use to intimidate the victim, accompanied by threats of shooting the owner and the victim, was sufficient to support the jury's determination that the robber was "armed with a dangerous weapon."[2] R.S. 14:64. Compare State v. Green, 409 So.2d 563 (La. 1982), with State v. Byrd, 385 So.2d 248 (La.1980).
Defendant Talbert also contends that the trial court erred in finding him to be a fourth felony offender. He argues that the record fails to show he was advised of his constitutional rights when he entered guilty pleas resulting in his second and third felony convictions. He was convicted of possession of heroin in March, 1971 and of simple robbery in October, 1973.[3]
Because his plea to the controlled substance (heroin) indictment was entered prior to December, 1971, the state needed only to prove that defendant was represented by counsel at the entry of the plea. State v. Holden, 375 So.2d 1372 (La.1979). The record in this case contains such proof, and defendant has not otherwise shown the plea to be defective.
The record of the 1973 simple robbery conviction contains only a minute entry (establishing that defendant was represented by counsel at his plea) and a guilty plea form executed by defendant, his attorney and the trial judge. See State v. Tucker, 405 So.2d 506 (La.1981). While the content of the printed form is arguably deficient, defendant made no objection to its sufficiency at the multiple offender hearing and therefore cannot, for the first time on appeal, contend that the state failed to carry its burden of proving the validity of the plea.[4]State v. Holden, above; State v. Jefferson, 379 So.2d 1389 (La.1980).
The convictions and sentences are affirmed.
DIXON, C. J., dissents.
NOTES
[*] Judges William Norris, III, and Fred C. Sexton, Jr., of the Court of Appeal, Second Circuit, and Robert Lobrano of the Court of Appeal, Fourth Circuit, participated in this decision as associate justices pro tempore, with Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] See State v. Gould, 395 So.2d 647 (La.1981), for a discussion of the difference between an inherently dangerous instrumentality and an instrumentality which in the manner used is calculated or likely to produce death or great bodily harm.
[2] There was ample opportunity, in terms of time and distance, for defendants to have disposed of a gun or other instrumentality between the robbery and their apprehension.
[3] Defendant also contends that more than five years elapsed between the expiration of the maximum sentence for his last prior conviction and the date of the instant offense in December, 1978, thereby exempting him from habitual offender treatment. R.S. 15:529.1C. The record shows that contention is incorrect.
[4] The issue arguably may still be raised by postconviction proceedings. However, only an error of constitutional dimension can be raised in such proceedings, at which defendants will have the burden of proving not just a violation of a per se court rule, but violation of a fundamental constitutional right. State v. Jackson, 389 So.2d 69 (La.1980), Lemmon, J., concurring.