442 So.2d 806 (1983)
STATE of Louisiana
v.
Albert MITCHELL.
No. KA 0779.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1983.
*807 Dwight Doskey, Frank Larre, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., John H. Craft, Asst. Dist. Attys., New Orleans, for plaintiff-appellee.
Before SCHOTT, BARRY, and LOBRANO, JJ.
SCHOTT, Judge.
Defendant was convicted of armed robbery in violation of LSA-R.S. 14:64 and sentenced to fifty years at hard labor. In this appeal he submits two assignments of error, that the evidence is insufficient to support the conviction of armed robbery rather than simple robbery and that the sentence is excessive.
In the early afternoon of February 17, 1982, the victim, a fourteen year old girl, was walking along St. Claude Avenue in New Orleans when defendant began to follow her. When she reached the corner he grabbed her arm, told her he had a knife which she felt sticking in her side, and demanded her rings and watch. She complied. He then yanked two gold chains from her neck and ran away. She reported the crime to the police and described defendant to them. Five days later the victim saw defendant two blocks from the scene of the crime in a pool hall, whereupon she ran home and called the police. When the police arrived they got defendant's name from the pool hall owner as well as defendant's approximate address which was nearby. The officers found defendant near the address but as they were arresting him he ran away. He was apprehended about a month later.
In support of his first assignment defendant contends that there was no proof that he had a knife because the victim never saw it so that he was not properly convicted of armed robbery which requires proof that he was "armed with a dangerous weapon" while perpetrating the offense. Pointing to one isolated question and answer during cross examination of the victim, to wit: "Could it [what she felt sticking in her side] have been his fingernail?" To which she replied, "I don't know;" defendant argues that a reasonable doubt necessarily exists as to defendant's having a knife.
*808 However, when her testimony is considered in its full context, it is clear that the jury as a rational trier of fact could have found that defendant's possession of a knife was proved beyond a reasonable doubt. The case is practically identical to State v. Talbert, 416 So.2d 68 (La.1982) where the victim did not see the object pressed against her but perceived with her senses that it was a gun or some other object which could be classified as a dangerous weapon. Defendant's suggestion that the sharp object which the victim clearly perceived to be a knife was his fingernail apparently caused no reasonable doubt in the minds of the jurors that it was in fact a knife. We are not persuaded that there should have been any reasonable doubt in their minds.
A review of the record convinces us that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the essential elements of the crime of armed robbery were proved beyond a reasonable doubt. Thus, the conviction as a whole including proof that defendant was armed with a dangerous weapon meets the standard of review set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and State v. Fuller, 414 So.2d 306 (La.1982).
By his second assignment of error defendant contends his sentence of fifty years as a first offender was excessive and is not consistent with the guidelines imposed by C.Cr.P. Art. 894.1. The record shows that the trial judge specifically considered those guidelines in imposing sentence. He correctly observed that a jail sentence was mandated by R.S. 14:64 for the offense and he noted that 1) defendant, though not previously convicted, had a lengthy arrest record for eight felonies, nine misdemeanors and four municipal convictions in five years; 2) there was an absence of any extenuating or mitigating circumstances; and 3) the crime was "aggravated by the fact that [defendant] ruthlessly victimized a 14 year old child and threatened her with death if she resisted."
We find that the trial judge complied with Art. 894.1 even though he did not enumerate every factor in the article. State v. Square, 433 So.2d 104 (La.1983).
Finally, we have considered whether the sentence was excessive even though it was within the statutory limits and was imposed in accordance with Art. 894.1. The trial court is vested with wide discretion in sentencing and a sentence should not be disturbed absent an abuse of discretion. State v. Square, supra. Considering those factors noted by the trial judge we cannot say he abused his discretion in imposing this middle-range sentence on the defendant.
AFFIRMED.