ARMSTRONG, Judge.
The defendant was charged with and convicted of a violation of LSA-R.S. 14:64, relative to the offense of armed robbery. He was sentenced as a multiple offender to serve 198 years at hard labor. It is from this conviction and sentence that the defendant has appealed.
Defense counsel has assigned two errors on appeal, to-wit: 1) the trial court erred in finding the defendant to be a second offender and 2) the trial court erred in imposing an excessive sentence. Because we find merit in counsel’s first assignment of error, we need not discuss the question of the excessiveness of the sentence.
The trial court found the defendant to be a second offender based upon his 1972 plea of guilty to the offense of attempt simple burglary. The defendant was sentenced in February, 1972 on the burglary plea to two years at hard labor, suspended, five years probation. The record further reflects that on November 8, 1974 defendant’s probation was revoked, but the record does not reflect and the State did not prove defendant’s actual discharge date following his probation revocation. The defendant testified at his multiple offender hearing, however, that he had been released in May 1975 for good time. The defense contends, and the State now concedes, that the defendant should not have been considered a second offender within the meaning of LSA-R.S. 15:529.1, Louisiana’s habitual offender law, as more than five years had elapsed between defendant’s discharge date and the instant offense.
Under the provisions of LSA-R.S. 15:529.1(C), “This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted.” This five year period is based upon the date the prisoner is actually discharged from state custody and supervision rather than upon the theoretical date on which the initial sentence would have terminated. State v. Anderson, 349 So.2d 311 (La.1977).
In the instant case the defendant was actually discharged in May, 1975 on the predicate offense, and the armed robbery occurred in December, 1981. Accordingly, the five year cleansing period had expired, with the result that the 1972 con *968 viction could not serve as a basis for finding the defendant to be a second offender.
Although not alleged as an assignment of error, the sufficiency of evidence to support appellant’s conviction must be reviewed in accordance with State v. Raymo, 419 So.2d 858 (La.1982). In cases where direct evidence was used to prove the defendant’s guilt, the reviewing court must determine whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
The appellant was convicted of armed robbery. In order to support such conviction the state had to prove that the appellant committed (1) theft of anything of value (2) from the person of or the immediate control of another (3) by use of force or intimidation (4) while armed with a dangerous weapon. In the instant case there was a taking of $187.00 from the victim. Although the victim could not identify his assailant, an eyewitness testified that he recognized the assailant as a person who had grown up near him and identified the appellant as the robber. Both the victim and the eyewitness testified that the appellant had demanded that the victim “Give it up” (meaning the money) and that the appellant had held a gun on the victim while robbing him. In addition, Officer Bailey testified that the appellant admitted that he had robbed the victim. There was sufficient evidence viewed in the light most favorable to the prosecution to lead the jury to find the appellant guilty beyond a reasonable doubt. State v. Bruins, 407 So.2d 685 (La.1981); State v. Tucker, 405 So.2d 506 (La.1981).
The defendant has filed a pro se brief in which he argues that the trial court erred in denying defense counsel’s motion for continuance and, further, in allowing the State’s chief witness to testify over defense objection.
Trial in this matter was originally set for March 2, but was continued to March 3 on motion of the State and without objection by the defense. Immediately prior to trial on March 3, defense counsel moved to continue the trial on the grounds that he was not prepared due to the fact that he already had several other trials set for March 3 that he had been required to prepare. The defendant argues that he was denied his right to effective assistance of counsel in having to proceed to trial under such circumstances.
A motion for continuance is generally addressed to the sound discretion of the judge, and a denial of a motion for continuance is not grounds for reversal absent an abuse of discretion and a showing of specific prejudice caused by the denial. State v. Haarala, 398 So.2d 1093 (La.1981).
In the instant case a preliminary hearing was held on January 19, 1982, and the defendant, accompanied by trial counsel, was arraigned on February 4, 1982. On February 22 the trial was set for March 3, and on March 3 it was continued by the State to March 4 without objection. Thus, defense counsel represented the defendant for approximately four weeks prior to trial, had approximately two weeks notice of trial and had the benefit of a preliminary hearing held six weeks prior to trial. Moreover, defense counsel apparently did not attempt to continue the original trial date of March 3 and did not object to the continuance to March 4. Under such circumstances we cannot say that the trial court abused its discretion in denying the motion for continuance.
The defendant argues that he was prejudiced by defense counsel’s lack of preparation in that the State’s chief witness had a drinking problem which could have been discovered had counsel had more time to prepare. The record reflects, however, that counsel did cross-examine the witness extensively regarding his drinking habits and, in fact, elicited testimony from the witness that he had consumed five beers on the day of trial. Furthermore, at the hearing held on defendant’s motion for *969 new trial, the defense produced only inconclusive testimony concerning the witness’s habitual intoxication and history of alcoholism. The testimony produced at the hearing on the motion for new trial was certainly not sufficient to justify a finding that the trial court committed reversible error in denying counsel’s motion for continuance.
The defendant finally asserts that the trial court erred in allowing the State’s chief witness to testify over defense objection that the witness was intoxicated and should not, therefore, be allowed to testify. The State’s primary witness testified during cross-examination that he had been drinking on the morning of trial. Defense counsel argued that the witness should not be allowed to testify as he was intoxicated. We find no merit in this contention.
Defense counsel was allowed to question the witness regarding his alcohol consumption on both the day of trial and the day of the crime. The witness testified quite candidly. The jury, as finder of fact, was entitled to attach as much or as little weight to the testimony as it deemed appropriate. See State v. Sejours, 113 La. 676, 37 So. 599 (1905).
The defendant’s conviction is affirmed but the sentence is vacated, and this case is remanded for resentencing consistent with this opinion.
AFFIRMED, VACATED AND REMANDED.