REDMANN, Chief Judge.
The only question on this appeal is whether a prior conviction was properly used to enhance sentence of the present conviction. We hold it was not.
The state has the burden of proving that a defendant should be sentenced as a multiple offender, just as it has the burden of proving that a defendant should be sentenced as a single offender. The state did not carry its burden and the defendant did not plead guilty to being a multiple offender.
The defendant admitted only that he was the same person as the previously-sentenced Barry J. Smith, and he objected to the application of the multiple offender statute. No evidence was introduced to show that his 1977 plea of guilty was entered after proper Boykinization. The minutes of the earlier plea recite only:
“The court advised the defendant that by entering a plea of guilty he, the defendant, was waiving certain of his constitutional rights, which the Court explained to the defendant in detail. The defendant executed a written waiver of these rights in open court, which waiver was filed into the record.”
The waiver form recited only:
“I understand that I have a right to trial and if convicted a right to appeal and by entering a plea of guilty in this case I am waiving my rights to trial and appeal.”
Unlike the defendant in Scott v. Maggio, 695 F.2d 916 (5 Cir.1983), defendant here did not plead guilty to being a multiple offender. He did nothing save admit that he was the same person, and in fact his lawyer “objected” to the multiple offender sentencing but was not given the opportunity to explain the basis of his objection.[1]
*70 State v. Talbert, 416 So.2d 68, 70 (La. 1982), cited by the state, is not controlling because there, “[w]hile the content of the printed [guilty plea] form is arguably deficient, defendant made no objection to its sufficiency at the multiple offender hearing and therefore cannot, for the first time on appeal, contend that the state failed to carry its burden of proving the validity of the plea.’.' Similarly, in State v. Jackson, 389 So.2d 69, 70 (La.1980), also cited by the state, “no objection was made to consideration of the prior pleas.... ” In our case, objection was made to the application of the multiple offender statute but it was dismissed summarily.
Nor does State v. Bolton, 379 So.2d 722, 723 (La.1979), nullify a defendant’s objection unless it is expressly directed to his earlier plea’s “voluntariness or to its being a knowing plea_” If a defendant objects to the application of the multiple offender statute at all, he must at least be afforded the opportunity to state his grounds before being dismissed on the theory that his grounds are inadequate.
The sentence is set aside and the matter remanded for resentencing at a hearing at which defendant may specify the grounds of his objection and the State may present evidence that the prior plea was preceded by proper Boykinization.
REMANDED.
ARMSTRONG, J., dissents with opinion.

. The multiple bill was filed four days before the original sentencing hearing. Defendant apparently went to that hearing unaware of the multiple billing, much less counseled about it. In any case, the transcript of that hearing contains no other evidence of proper Boykinization. That transcript is here reproduced in full.
"By the court: State of Louisiana versus Barry Smith. This matter comes for sentencing, however, Mr. Shields [defense counsel], the State has charged the defendant as a multiple offender. Have you received a copy of the charge? By Mr. Shields: Yes, your Honor. The defendant just came up and I haven’t had a chance to discuss with him that matter. By the court: Mr. Smith, the State alleges that you previously have been convicted of a felony prior to the conviction in this case for the charge of simple burglary. The State alleges that you were convicted in Section H of the Criminal District Court, presided over by Judge Bagert, and you entered a plea of guilty to the crime of possession of stolen property and you were sentenced to serve two years in the custody of the Director of the Department of Corrections for the State of Louisiana. That sentence was suspended and you were placed on active probation for one year. Now, the consequence of your being found guilty as a multiple offender means the charges — the sentence, rather, will be materially enhanced. So, since you’ve been convicted of the crime of simple burglary, would mean the maximum sentence then would become 24 years. The minimum .sentence is one third of the maximum or four years [sic]. Within the range of sentence provided by law, if you are a multiple offender, you will be sentenced. Consult with your attorney and determine whether you wish to admit or deny you are in fact the same Barry J. Smith who was convicted in Section H of the Criminal District Court, whether you are in fact a multiple offender knowing the consequences of being a multiple offender. All right, Mr. Shields, take this opportunity to speak with defendant. * * * [Asterisks in record.] By Mr. Shields: The defendant admits he is the same person. By the court: Okay. By Mr. Shields: He previously admitted that on the stand during the trial. By the court: I recall that. Hand me the record of the prior conviction. All right, I have reviewed the record of the defendant particularly with regard to the prior conviction and the record indicates before me today and I am aware of the testimony with regard to the burglary, the defendant being ready for sentence, I sentence the defendant to 12 years in the custody of the Director of the Department of Corrections for the State of Louisiana. The basis of the sentence is first, the defendant has previously been convicted of a felony; and secondly, I feel the defendant is in need of correctional treatment in a custodian environment for his rehabilitation. I believe that a lesser sentence would deprecate the seriousness of the offense. I have reviewed those requirements of law with regard to sentence particularly whether or not the defendant should be given the benefit of a suspended sentence and none of the elements are applicable to the charges before me today. Mr. Smith, you have 15 days from today’s date in which to appeal your conviction and *70 you may do this through your attorney, Mr. Shields, or you yourself may file a Motion for Appeal in court. By Mr. Shields: We haven’t yet had a chance, but I would like to note an objection to the application of the multiple offender statute. By the court: Okay. Let the record reflect that counsel objects to the application of the multiple offender statute. It's overruled. By the court: 15 days from today’s date in which to appeal your sentence and conviction. Mr. Smith, again, you may do this either by filing a notice of appeal through your attorney or you yourself may do this, but it must be done within 15 days from today’s date. All right, remand the defendant to Parish Prison.” (All emphasis added.)