501 So.2d 1041 (1987)
STATE of Louisiana, Appellee,
v.
Earl K. HARRISON, Appellant.
No. 18373-KA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1987.
*1042 Samuel Thomas, Tallulah, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James David Caldwell, Tallulah, Dist. Atty. by Moses Junior Williams, Asst. Dist. Atty., for appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
After a trial by jury, the defendant Harrison was found guilty, as charged, of armed robbery (La.R.S. 14:64). Defendant was subsequently sentenced to 20 years at hard labor without benefit of parole and payment of a $5000 fine, in default of which defendant would serve an additional five years. Defendant appealed, claiming the state did not prove beyond a reasonable doubt that he used a dangerous weapon and the credible evidence was not sufficient to convict him.

Factual Context
On January 17, 1985, at approximately 6:00 A.M. a black male entered the Shop-A-Minit # 13, located in Tallulah, Louisiana, brandishing an object concealed in a paper bag. He approached David White, the janitor, who was sitting by the door providing access behind the counter. When White attempted to prevent him from going behind the counter, the individual knocked down an inoperable surveillance camera and poked the concealed object into White's side.
The assailant then told James Houston, the cashier, to empty the contents of both cash registers into a paper bag. He instructed Houston and White to give him five minutes and, when the police arrived, tell them "two white boys with blonde hair" robbed the store. The robber fled on foot with $155.59 in cash and a half-pint of Crown Royal whiskey. Houston followed the offender outside and fired five shots, two in the air and three at the robber, using the pistol he carried in his back pocket. However, the offender managed to escape.
Hughie Bailey, a police officer with the Tallulah Police Department, received the armed robbery call. When Dailey arrived at the scene, Houston and White gave him a description and identified the robber as a person known to them as "Tame". The officer recognized the description, and knew "Tame" was the street name of Earl K. Harrison. Harrison was arrested around 1:00 P.M. the same afternoon.

Dangerous Weapon
Defendant contends a reasonable person under similar circumstances would not have believed a firearm was in the bag *1043 carried by the robber, and a paper bag by itself is not a dangerous weapon.
In support of this argument defendant cites State v. Gould, 395 So.2d 647 (La. 1980); State v. Elam, 312 So.2d 318 (La. 1975); and State v. Smith, 450 So.2d 714 (La.App. 4th Cir.1984) for the proposition that a "hand in the pocket" is not, of itself, a dangerous weapon. While this is a correct statement of the law, it is not applicable to the present situation.
Dangerous weapon includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm. La.R.S. 14:2. The test is not whether the weapon is inherently dangerous, but whether it is dangerous "in the manner used". Reporter's Comments under La.R.S. 14.2. The Louisiana Supreme Court has stated:
"Whether the weapon used by defendant was dangerous ... was a question for the jury to determine upon considering not only the character of such weapon, but by whom, upon whom, and in what manner it was used." State v. Washington, 104 La. 443, 29 So. 55 (1900).
The instant case is more analagous to the situations presented in State v. Talbert, 416 So.2d 68 (La.1982); State v. McMorris, 343 So.2d 1011 (La.1977); State v. Leak, 306 So.2d 737 (La.1975); and Hillie v. Maggio, 712 F.2d 182 (5 Cir.1983), cert. den. 464 U.S. 1051, 104 S.Ct. 731, 79 L.Ed.2d 191 (1984).
In Talbert, the defendant was convicted of armed robbery. While the victim was sitting in the back room of a lounge during the early morning hours, Talbert placed an iron or wooden object, covered by his coat, against the victim's back and demanded money under the threat of killing the bar owner and the victim. The robber took about $50 in cash.
The Louisiana Supreme Court stated:
"... the victim did perceive with his senses the existence of a gun or similar instrumentality, and the victim gave direct evidence of the existence of the gun or instrumentality by his testimony that he felt an object like a gun or iron pipe pressed against his back. Whether the object pressed against the victim's back was a pistol, piece of pipe, or another instrumentality, is not dispositive. The highly charged atmosphere created by its use to intimidate the victim, accompanied by threats of shooting the owner and the victim, was sufficient to support the jury's determination that the robber was `armed with a dangerous weapon'."
See also State v. Mitchell, 442 So.2d 806 (La.App. 4th Cir.1983) for a similar case involving a knife.
In McMorris, the defendant was convicted of attempted armed robbery. An undercover narcotics agent arranged to purchase a bag of marijuana from McMorris. The latter got into the back seat of the unmarked patrol car and instructed the officer to drive to an unlit portion of the street where their activities could not be seen. When the officer had parked the car, McMorris reached into his shirt and, pointing an undisclosed object at the officer, announced, "This is a rip-off, give me all your money or I'm going to blow you away." The officer handed the defendant his wallet, but while McMorris was occupied with searching its contents, the officer jumped from the car, drew his revolver and placed the defendant under arrest. McMorris immediately confessed that he was armed not with a pistol but with a half-pint liquor bottle which he produced from beneath his clothing.
In upholding the conviction, the Louisiana Supreme Court stated:
"In considering the dangerousness of an instrument wielded in the perpetration of a robbery, this court has considered as a factor `the continuous threat and capability... that [the bottle] will be used as a bludgeon'."
In Leak, the defendant was convicted of armed robbery. The Louisiana Supreme Court, again upholding the conviction, held that Leak's use of an extension to a ratchet coupled with a socket to convincingly simulate *1044 a firearm to those at the scene of the robbery constituted robbery with a dangerous weapon.
The court explained:
"... by making robbery with a dangerous weapon an aggravated offense with severe penalties, the apparent intent of the statute is to deter the possibility of serious physical harm resulting to anyone present in such a highly charged atmosphere as the scene of a robbery in progress by their use of any substance or instrument likely to produce death or serious bodily harm. Additionally, ... the instrument used here was capable of conversion into a bludgeon. Thus, where an instrument held by the culprit invites the forcible response of the victim and/or bystanders and embraces the threat and capability that it will be used as a bludgeon, possibilities are presented that are `... likely to produce death or great bodily harm'."
In Hillie, the defendant was convicted of attempted armed robbery. Applying Louisiana law, the United States Fifth Circuit Court of Appeals held that the evidence permitted a finding that an umbrella handle with a towel draped over it, which Hillie had been carrying at the time he approached a bank with a "stick-up" note, was a dangerous weapon in view of the intended use of the device and the possible reactions of the victims.
The object defendant concealed in the paper bag was used to make the store employees believe it was a gun. Houston and White both testified it appeared to be, and they believed it was, a small caliber pistol. Defendant had his finger through a hole punched in the paper bag "like he had his [finger] on the trigger."
The "highly charged atmosphere" created by defendant was exemplified when Houston followed defendant out of the store and fired five rounds from the pistol he carried in his back pocket.
The mere fact that no weapon was actually seen by the victims or any other witnesses and that no gun was recovered by the law enforcement officers who arrested defendant does not preclude defendant's conviction for armed robbery, considering the victims' testimony describing defendant's actions. Gould, supra; Elam, supra.
This argument lacks merit.

Sufficiency of Evidence
Defendant also contends a reasonable fact-finder must have a reasonable doubt as to his guilt. More specifically, defendant argues the state's two key witnesses are "liars, thieves and drunkards", and their testimony is not worthy of belief.
Houston was fired two months after the robbery because he drank beer while on duty. White admitted he had been drinking at the time the robbery occurred.
There is a presumption that witnesses have told the truth. La.R.S. 15:432. The fact that a witness had been drinking when he observed the occurrence about which he is to testify goes to his credibility and the weight to be given his evidence. State v. Sejours, 113 La. 676, 37 So. 599 (1904).
In order to satisfy due process standards, the record evidence, viewed in a light most favorable to the prosecution, must be sufficient for a rational juror to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. La.R.S. 14:64 A.
Even though there were minor contradictions in their testimony, both Houston and White positively identified defendant as the person who robbed the store. Their testimony supports the jury's finding that defendant took cash and a bottle of liquor, which were under the immediate control of Houston, by force while armed with a dangerous weapon. Therefore, every *1045 element of the crime of armed robbery has been satisfied.
This argument also is without merit.

Error PatentIllegal Sentence
La.R.S. 14:64 B provides:
Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.
There is no authority for the imposition of a fine for committing armed robbery. The $5000 fine imposed by the trial court was, therefore, illegal and we amend the sentence accordingly to delete that portion. La.C.Cr.P. Article 882.

Decree
For the foregoing reasons, defendant's conviction is affirmed, his sentence is amended to delete the portion thereof providing for payment of a $5,000 fine but is, otherwise, affirmed.